THOMAS S. BUCKLEY and others *vs.* WILLIAM C. BENTLEY, impleaded, &c.

Parol evidence is not admissible to vary, enlarge or contradict a written stipulation, made by an indorser of a promissory note, waiving "notice of protest."

The rule excluding parol evidence to enlarge or contradict a writing, is not limited to contracts made upon a consideration passing between the parties, but is equally applicable to all cases where the writing was designed to be the repository and evidence of the final conclusions of the parties. MASON, J. dissented.

ACTION upon a promissory note, against the defendant Bentley, as indorser, of which the following is a copy, viz :

"$172.78. One year after date, I promise to pay to the order of Buckley, Sheldon & Co. one hundred and seventy-two dollars and seventy-eight cents, for value received. Dated Butternuts, Sept. 9, 1859.

(Signed) WILLIAM D. BABCOCK."
(Indorsed on the back,) "WILLIAM C. BENTLEY."

In July, 1860, the indorser wrote over his signature as follows : "Notice of protest waived by me." The plaintiffs made no demand of payment of the note of the maker, at maturity, and took no steps to charge the indorser.

The cause was first tried at the Otsego circuit in December, 1863, before Justice CAMPBELL, without a jury, who ordered judgment for the plaintiff. Bentley appealed to the general term, which reversed the judgment, and ordered a new trial. (*See* 42 *Barb.* 646.)

On the second trial, in December, 1865, before Justice MASON and a jury, substantially the same facts were proven as on the first trial. The counsel for the plaintiffs also offered to prove the conversation between the plaintiff Buckley and the defendant Bentley, at the time Bentley wrote the words "Notice of protest waived by me" over his signature, on the back of the note, and that it was then agreed that the plaintiffs need not protest the note, or make any demand of payment of the maker, when it became due. The defendants' counsel objected on the grounds : 1st. The agreement be-

tween the parties was reduced to writing, and parol evidence is incompetent and improper to vary, or enlarge, or contradict the writing. 2. Parol evidence of what occurred at the time of making the writing is incompetent, improper, and immaterial. 3d. There is no ambiguity in the language used, and parol evidence is inadmissible and incompetent to vary or explain the writing. 4th. There is no allegation in the complaint of any other than the written waiver, indorsed on the note. The court overruled the objection, and admitted the evidence, to which the defendant's counsel excepted. The plaintiff Buckley then testified as follows : " I have a distinct recollection of the language used by Mr. Bentley. He said : ' I am on Babcock's paper for $700 or $800 ; he has failed and I am going to lose ; there is no use of sending it forward for protest.' He also said : ' I cannot pay this note when due, and therefore will say to you, that it is not necessary to protest it when due, or to send it out there to demand payment of the maker.' I told him that as the note would not be paid at maturity, it better not be protested, and he assented." *Cross-examined.* " This conversation was at the same time, and before he wrote the waiver on the note. We had no further talk after he wrote the waiver." This tetimony was contradicted by the defendant Bentley ; and other evidence was given on the trial, not material to the question upon which the case turned.

The defendants' counsel asked the court to direct a verdict in favor of the defendant Bentley, which the court declined to do, and he excepted.

The court charged the jury that as it appeared from the evidence that the defendant Bentley had no knowledge of the failure or omission to demand payment of the note at maturity, of the maker, when the indorsement of $25 was made on the note, nor when he wrote the letter of October 7th, 1861, alluding thereto, such indorsement or application of the $25, was not a waiver by Bentley of such failure or omission of demand or protest, on the part of the plaintiffs ;

Buckley *v.* Bentley.

and upon that branch of the case the plaintiffs could not recover.

The court further charged the jury that if the defendant Bentley said to Mr. Buckley in their conversation at the time he made the written waiver on the note, that the plaintiffs need not forward the note at maturity for protest, or that he would waive the demand of payment at maturity, then the plaintiffs could recover against him upon his indorsement, in this action.   To which the defendant's counsel excepted.

The jury rendered a verdict in favor of the plaintiffs for $219.62, the balance due upon the note,  The court stayed proceedings upon the verdict, and ordered the defendant's exceptions to be heard at the general term, in the first instance.

*George Becker,* for the plaintiffs.

*Sturges & Countryman,* for the defendant.

*By the Court,* PARKER, P. J.  The principal question in this case is whether the indorsement upon the note by the defendant of the words, " Notice of protest waived by me," concluded the plaintiffs from showing that the verbal arrangement between the parties which resulted in the entry of those words on the note by the defendant, was that demand of payment as well as notice was waived—in other words, whether it was competent for the plaintiffs to prove that in the conversation prior to the entry of that waiver upon the note, it was expressly stated by the defendant and understood by both parties, that the note was not to be sent forward for demand and protest, and that the plaintiffs acted upon such understanding, and therefore omitted to demand payment of the maker.   Although the arrangement then made was not a contract, because there was no consideration, and must operate if at all by way of *estoppel in pais,* still the question is what was the arrangement ; and as the parties undertook to put it in writing, whether what was then written must

not be deemed the arrangement concluded upon, equally as though it had been a contract, and whether it was any more open to the plaintiffs to fall back upon the prior negotiations and conversations to ascertain what was agreed upon than if it were a full and complete contract.

The writing in this case was designed to be the repository and evidence of the final conclusion of the parties, and hence it is within the reason of the rule, and I think within the rule itself, that all oral testimony of a previous *colloquium* between the parties must be rejected. (1 *Greenleaf on Ev.* § 275.) The reason of the rule as stated by Lord Coke (5 *Rep.* 26) is that "it would be inconvenient, that matters in writing made on consideration and which finally import the truth of the agreement of the parties, should be controlled by an averment of the parties, to be proved by the uncertain testimony of slippery memory." "The parties, by making a written memorial of their transaction, have implicitly agreed that in the event of any misunderstanding, that writing shall be referred to as the proof of their act and intention." (1 *Murph. Rep.* 426.) The propriety of the rule, and of its application to this case, is manifested by the contradictory statements of the parties, as to what was the conversation and arrangement which led to the entry of the indorsement upon the note; the plaintiff, Buckley, testifying that the defendant told him there was no use of sending the note forward for protest, while the defendant testified that Buckley asked him merely to waive notice of protest, and that he wrote the waiver on the note precisely as requested; and that he did not say there was no use of sending the note forward for protest, nor that payment need not be demanded.

There could be no doubt, I think, if this were a contract, that evidence of the *colloquium* which led to the entry would be inadmissible, especially for the purpose of modifying or changing the effect of what was expressed in the writing. Assume that the parties conversed about a waiver of demand and notice, and finally reduced their agreement to writing,

Buckley *v.* Bentley.

which reads, "Notice of protest waived by me ;" if this were a contract upon sufficient consideration, it would scarcely be pretended that the plaintiffs in seeking to avail themselves of the contract in a court of law, would be permitted to go back of the writing and prove that the agreement comprehended a waiver of demand of payment, as well as notice of non-payment. It would not be the case of a contract resting partly in writing and partly in parol, when oral proof would be admissible to supply the deficiency in the writing ; for manifestly the writing was intended to express the entire agreement. The parties have put the agreement which they made on the subject of what should be waived into writing, and are to be deemed to have given thereby full expression to their meaning, and hence parol evidence of their language contradicting, varying or adding to that which is contained in the written instrument, must be excluded. (1 *Greenl. on Ev.* § 282. *Renard* v. *Sampson,* 12 *N. Y. Rep.* 561.) That there was no consideration for the agreement, cannot change the rule of evidence, in regard to what shall be competent proof of what the agreement was. It is a rule of evidence applicable to the mode of proving a fact, and whether that fact is a contract or a waiver, it seems to me can make no difference with reference to its applicability. This principle was held in *Halliday* v. *Hart,* (30 *N. Y. Rep.* 474.)

If the principle adverted to applies to this case, the written entry on the note must be taken as the evidence of what the parties finally agreed upon as to the waiver, and the plaintiffs had no right to rely on what had been said in reference to a waiver of demand. It follows that the admission of parol evidence of the prior and contemporaneous conversations on the subject between the parties was erroneous, and a new trial must be granted, with costs to abide the event.

MASON, J. dissented.

New trial granted.

[BROOME GENERAL TERM, January 22, 1867. *Parker, Mason, Balcolm* and *Boardman,* Justices.]