## JOHN BRENNAN v. SAMUEL LOWRY.

Protest of a domestic note is not necessary, and where the complaint on such a note separately alleges protest and demand and refusal, an allegation in the answer, denying the protest, does not put in issue the question of demand and refusal.

In such a case, the rule that protest includes, by implication, a demand and refusal does not apply.

The promise of the indorser of a note to pay it, made after maturity, is presumptive evidence of demand and notice, and it is not necessary to prove in the first instance that the indorser knew, at the time he made the promise, that no demand of payment had been made.

In such a case, if the indorser wishes to urge as a defense the failure to make demand, he must prove it, and it will then be incumbent on the holder to prove that the promise to pay was made with knowledge of such omission.

APPEAL by defendant from a judgment of the Sixth Judicial District Court.

The facts are stated in the opinion.

*S. V. R. Cooper*, for appellant.

*John R. Reed*, for respondent.

BY THE COURT.*—ROBINSON, J.—This was an action brought in the Sixth Judicial District against the indorser of a promis-

* Present, DALY, Ch. J., ROBINSON, and J. F. DALY, JJ.

sory note. The complaint alleged presentment to and demand of the maker, and his refusal to pay, and that thereupon "the said note was duly protested for non-payment," and notice of protest was thereupon and on the same day duly served upon the defendant. The defendant, in his answer, denied that any notice of protest was served on him, also "that he received any notice of protest or demand, and refusal "to pay said note," and on information and belief, he denied "that said note was protested."

This answer was accompanied by his affidavit denying his having received "any notice of presentment, demand, or non-payment," as provided by the act of 1833, chap. 271, § 8 (3 R. S. 5th ed. 474, § 35), by means of which the certificate of the notary, as to any such facts, became inadmissible evidence to establish any of them.

Parol testimony was given on the trial of due service of notice of protest on the defendant, and of his having subsequently made repeated promises to pay the note. He was examined as a witness on his own behalf, and did not deny making such promise, although he denied receiving any such notice. Judgment was rendered in plaintiff's favor, for the amount of the note, from which this appeal is taken.

Protest of a domestic note is unnecessary (Ed. on Prom. Notes, 50, 184), and the answer, although denying notice of protest, and alleging that the note was not protested, did not controvert the distinct and separate allegation of the complaint, that "payment thereof (the note) was duly demanded from the maker, which was refused." The fact of presentment and demand was not in issue, for even if the term "protest," as has been frequently held by implication, communicates the fact of demand and refusal to pay, and fully satisfies the purposes of notice (Coddington v. Davis, 1 N. Y. 186; Cayuga Bank v. Warden, Id. 413; Cook v. Litchfield, 9 N. Y. 279; Youngs v. Lee, 12 N. Y. 551; Bank of Cooperstown v. Woods, 28 Id. 545), it is otherwise when incorporated into a contract "to waive notice of protest," in which case it has been held not to include a waiver of actual presentment and demand (Buckley v. Bentley, 42 Barb. 646; s. c. 48 Barb. 283); but a waiver of protest in-

cludes both demand and notice (2 Pars. on Bills, 578, 9 ; *Coddington* v. *Davis, supra ; Porter* v. *Kimball*, 53 Barb. 667). These principles, however, cannot apply to this complaint, in which the allegations as to protest, and of demand and notice of refusal, are distinct. "*Expressio unius est exclusio alterius*," and no room is left for implication.

Defendant, however, claims that there being no evidence that the note was duly presented and payment refused, his promise to pay, in the absence of any such proof (because the fact of demand and refusal not being proved, it must be held as established that it was omitted), and no proof being offered of his knowledge at the time he made the promise of such omission, it was void, within the principle of the cases he cites (*Trimble* v. *Thorne*, 16 Johns. 152 ; *Jones* v. *Savage*, 6 Wend. 658 ; *Gawtry* v. *Doane*, 48 Barb. 148).

This assumes the omission of a demand. It was a fact defendant might have proved, and when shown, the burthen would have been thrown on the plaintiff to show his promise was made under knowledge of the omission ; but his undisputed promise to pay furnished *prima facie* evidence, ("*omnia præsumuntur rite esse acta*,") that the note had been duly presented and dishonored (*Lundie* v. *Robertson*, 7 East, 231 ; Ed. Prom. Notes, 653 ; *Tibbitts* v. *Dows*, 23 Wend. 379). In the latter case, Judge Cowen has laboriously collated the conflicting decisions upon this point (including those relied on by the defendant), and the court decide, that when the laches of the holder is not shown, the promise of the indorser, after maturity, is presumptive evidence of demand and notice. Under these considerations the judgment must be affirmed.

Judgment affirmed.