[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 553 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 554 
The first question in this case arises upon the sufficiency of the notice of non-payment in point of form. The notice does not contain so many descriptive particulars as it might, but is entirely accurate in all those which it does contain. That it relates to a promissory note appears; and the makers' names, the amount and the endorser's name are all correctly designated; and these sufficiently designate the note upon which the suit is brought, as being that referred to in the notice. We cannot infer that other notes existed which might render this notice uncertain as to its applicability to the note in suit. The maxim is an old one, that de non apparentibus et de non existentibus eadem estratio. A waiver of protest was held in Coddington v. Davis
(1 Comst., 186,) to include demand and all other acts in law necessary to charge an endorser. Upon the same principle, the statement in this notice, dated on the day when the note was payable, that it had been protested for non-payment, must be intended to mean that it had been demanded and payment refused upon the day when it became due. A statement that a note had been protested on the day it became due, though the day was not stated, nor could be collected from the terms of the notice, was held to be sufficient in Litchfield v. Cook, (MS. Dec.,
1853), in this court.
The remaining question in the cause is, whether the plaintiffs were holders in good faith for value of the note in suit. Bell 
Goodman had purchased merchandise of them, *Page 555 
for which they had given them their promissory note, to become due July 4. The plaintiffs had deposited this note in bank for collection. On the 1st of July Bell Goodman, by letter, sent the note in suit to the plaintiffs, asking them to receive it, and withdraw from the bank and surrender to them their note about to mature upon the 4th; the difference between the amounts of the two notes to be afterwards adjusted. The plaintiffs assented to this proposition, and sent to Bell Goodman an order upon the bank directing the surrender to them of their note, upon which the bank, on the 3d of July, delivered up the note to Bell 
Goodman.
The general question as to what constitutes a holding of a note or bill in good faith, and for value, has so often been discussed that argument upon it is needless. Stalker v. McDonald (6Hill, 93), The Bank of Salina v. Babcock (21 Wend., 499),Bank of Sandusky v. Scoville (24 Wend., 115), Mohawk Bank
v. Corey (1 Hill, 513), and White v. Springfield Bank (3Sandf. S.C., 222) discuss all the cases, and present all the views which belong to the subject. Stalker v. McDonald
determines that one is not a holder for value in good faith, who receives paper as security for a precedent debt, upon no new consideration passing at the time; but does not decide that a receipt in extinguishment of a precedent demand not at the time over due, does not constitute the receiver a holder for value in good faith. In the case before us, the note was received in extinguishment of a demand upon a note not yet due, and the note was delivered up. The surrender, upon a consideration of a security not due, extinguishes the security. The plaintiffs therefore became holders for value, and are entitled to recover.
The judgment should be affirmed.
GARDINER, Ch. J., DENIO, RUGGLES and CRIPPEN, Js., were also in favor of affirmance. *Page 556 
MARVIN and DEAN, Js., delivered opinions for reversal, on the ground that the plaintiffs were not holders for value within the rule established by the cases in this state. HAND J., concurred with them.
Judgment affirmed