[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 675 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 677 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 678 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 680 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 681 
The case contains no statement of the facts found by the court which tried the action, as required by section 267 of the code. It contains a statement of facts, signed by the presiding justice of the general term, which heard the cause on appeal, but the code furnishes no warrant for inserting such a statement in the case. The only instance in which a general term is authorized to make a statement of facts, is that mentioned in section 333, where, when the general term renders judgment upon a verdict taken subject to the opinion of the court, the questions or conclusions of law, together with a concise statement of the facts upon which they arose, shall be prepared by and under the direction of the court, and shall be filed with the judgment roll, and be deemed a part thereof, for the purpose of a review in the court of appeals. In this action no verdict was taken subject to the opinion of the court, and there was, therefore, no authority for the general term of the supreme court to make up the statement of facts contained *Page 682 
in this case. It is not legitimately there, and, as we have frequently said, such a statement is not a compliance with the requirements of section 267, and cannot be regarded as a substitute for the statement of facts required by that section. It follows that the appellants have presented no such case as the code requires, and upon which this court would be authorized to review the judgment of the supreme court. The appeal should, therefore, be dismissed with costs. If, however, the court should be inclined to pass upon the merits as disclosed by the evidence adduced on the trial, and a correct synopsis of which is contained above, the only question arising is, whether the plaintiff was a bona fide holder of the note in suit. The case of Youngs v. Lee in this court (2 Kernan, 551), would seem to have definitely settled that question. There the note in suit had been diverted from its original purpose, by Bell and Goodman, the makers. Lee, who defended that action, was an endorser of another note made by Bell and Goodman, which was about falling due, and he endorsed the note in that suit for the accommodation of Bell and Goodman, to enable them with the proceeds on the discount thereof to take up the old note, which was about falling due. Bell and Goodman, instead of doing this, transferred the note in that suit to the plaintiff therein, who held their note for $943.31, not yet due, requesting the latter note to be surrendered to them, and that the balance should thereafter be adjusted between them. The plaintiff thereupon gave an order on the Bank, with which Bell and Goodman's note had been deposited for collection, to deliver the same to them, and it was accordingly delivered to them the day before it fell due. This court held the plaintiffs bona fide holders of the note endorsed by Lee, and that notwithstanding its diversion, the plaintiffs were entitled to recover. In that case the plaintiffs only demanded the note of Bell and Goodman, the makers of the new note received on such surrender. In this case this plaintiffs not only *Page 683 
transferred and gave in exchange money, but an available and valuable note of other and third parties, not connected with or liable upon the note received on such exchange. The plaintiff was, therefore, a bona fide holder of the note in suit, and it was not received under such circumstances as called upon the plaintiff to institute any inquiries as to Comstock's right to the possession of it, or to procure its discount.
On the merits, therefore, I have no doubt the judgment should be affirmed.