PHŒNIX INSURANCE COMPANY, Respondent, *v.* SIMEON E. CHURCH, Appellant.

Prior equities of antecedent parties to negotiable paper, transferred in fraud of their rights, will prevail against an indorsee who has received the paper in nominal payment of a precedent debt, where there is no evidence of an intention to receive it in absolute discharge and satisfaction beyond that of accepting or receipting it in payment, or crediting it on account.

B., P. & Co., being indebted to plaintiff, gave to it their check in settlement of the balance due; the check, on presentation, was dishonored for want of funds; it was presented to the bank on several subsequent occasions but was not paid, and said firm at no time had funds in the bank to pay it. Defendant executed a note for the accommodation of one W., who indorsed it before maturity to said firm, by whom it was delivered to plaintiff in part payment of their debt; plaintiff, at the time, surrendered the check. *Held*, that such surrender did not constitute plaintiff a *bona fide* holder for value so as to shut out the defense that the note was wrongfully diverted, by the payees, from the purpose for which it was made.

The authorities holding that the surrender by a creditor of the debtor's own note, on receiving the negotiable note of a third person is a parting with value, collated and distinguished.

(Argued April 15, 1880; decided June 1, 1880.)

APPEAL from order of the General Term of the Court of Common Pleas of the city and county of New York, reversing an order of the General Term of the Marine Court of the city of New York which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

This action was brought upon a promissory note dated November 2, 1874, made by the defendant, payable to the order of one Worcester and indorsed by him.

Defendant set up, as a defense, that the note was accommodation paper, made for a specific purpose, that it was diverted by the payee, and was received by plaintiff on account of a precedent debt only.

The trial court found, in substance, that the note was executed by defendant without consideration, for the accommodation of the payee, and for the specific purpose of taking up therewith a prior accommodation note made by defendant. That Worcester, the payee, indorsed and delivered the note, before maturity, to H. A. Brown, of the firm of Brown, Pope & Co., insurance brokers, on account of an indebtedness of his to Brown. That Brown, Pope & Co. being indebted to one Faunce, an agent of the plaintiff, for insurance moneys collected by them, belonging to plaintiff, on January 22, 1875, gave to Faunce their check for the amount, which check, on presentment to the bank on which it was drawn, was dishonored there being no funds to pay the same. Faunce held the check until March and it was frequently presented for payment without effect, Brown, Pope & Co. having, at no time, funds to meet it, and the court found that, "except as a mere evidence of the indebtedness, the check was worthless." That in March, 1875, upon the consent of Faunce to receive said note in exchange for the check and to surrender the check, and upon consent of the plaintiff to receive and credit the same upon its account with Faunce, Brown indorsed the note and delivered it to Faunce, who delivered it to plaintiff, and thereupon the said check was delivered up to the drawers, and Faunce received credit on his account for the amount of the note. That

neither Faunce nor plaintiff had any knowledge of the purpose for which the note was made when they took the same.

*S. E. Church*, appellant, in person. The note in suit being accommodation paper, and having been diverted to the injury of the maker, and plaintiff having paid nothing for it, was not commercial paper, and was subject to all the equities existing against dishonored paper. (*Bay* v. *Coddington*, 20 Johns. 637; *Comstock* v. *Hier*, 73 N. Y. 269; *Farrington* v. *Frankfort Bank*, 24 id. 544; *Weaver* v. *Barden*, 49 id. 286; *Moore* v. *Ryder*, 65 id. 438, 441; *Wardell* v. *Howell*, 9 Wend. 170; *Rosa* v. *Brotherson*, 10 id. 85; *Bristol* v. *Sprague*, 8 id. 423; *Stalker* v. *McDonald*, 6 Hill, 93; *Spear* v. *Myers*, 6 Barb. 445; *Goldschmidt* v. *Lewis Co. Bank*, 12 id. 407; *Olcott* v. *Rathbone*, 5 Wend. 409; *Cardwell* v. *Hicks*, 37 Barb. 458; *Harger* v. *Wilson*, 63 id. 237; *McAdam* v. *Cook*, 6 Daly, 101; *Williams* v. *Smith*, 2 Hill, 301; *Huff* v. *Wagner, supra*, 63 Barb. 215, 230; *Farrington* v. *The Frankfort Bank*, 24 id. 554; *Traders' Bank of Rochester* v. *Bradner*, 43 id. 379; *Stewart* v. *Small*, 2 id. 559; *Stevens* v. *The Corn Exchange Bank*, 3 Hun, 147; *N. Y. Exchange Co.* v. *De Wolf*, 3 Bosw. 86; *Clark* v. *Ely*, 2 Edw. Ch. 166; *Cent. Nat. Bank of N. Y.* v. *Valentine*, 18 Hun, 417; *Tradesmen's Bank* v. *Kalbfleish*, 8 N. Y. Weekly Dig. 12; *Boyd* v. *Cummings*, 17 N. Y. 101; *Claflin* v. *Ostrom*, 54 id. 581; *Essex Co. Bank* v. *Russell, supra*, 29 id. 673; *Lawrence* v. *Clark*, 36 id. 128; *Chrysler* v. *Renois*, 43 id. 209; *Schepp* v. *Carpenter*, 51 id. 602; Edwards on Bills, 332.) By the surrender of the check of Brown, Pope & Co., plaintiff sustained no loss. (*Bradford* v. *Fox*, 38 N. Y. 289; *Hill* v. *Beebe*, 13 id. 556; *Scott* v. *Meeker*, 9 Weekly Dig. 369; *Noel* v. *Murray*, 13 N. Y. 168; 2 Johns. Cas. 438; 3 Kern. 167; 3 id. 71; 7 Johns. 311; 5 id. 68; 15 Barb. 28; 6 id. 244; 45 id. 354; *Claflin* v. *Ostrom*, 54 N. Y. 581; 5 Wend. 490; *Bates* v. *Rosekrans*, 37 N. Y. 409; 4 Duer, 668; *Houston* v. *Schindler*, 11 Barb. 36; 8 Johns. 389; *Waydell* v. *Luce*, 5 Hill, 558; 49 N. Y. 286; *Ballou* v. *Spen-*

*cer*, 18 id. 332; 13 id. 556; *Cole* v. *Sackett*, 1 Hill, 516; 38 N. Y. 289; 47 Barb. 29.)

*G. Tillotson* for respondent. The surrender of the check of Brown, Pope & Co. was such a parting with value as rendered plaintiff a *bona fide* holder for value of the note sued on. (*Young* v. *Lee*, 12 N. Y. 551; *Brown* v. *Leavitt*, 31 id. 113 [1865]; *Day* v. *Saunders*, 1 Abb. Ct. of App. Dec. 495; *Park Bank* v. *Watson*, 42 N. Y. 490; *Chrysler* v. *Renois*, 43 id. 209; *Paddon* v. *Taylor*, 44 id. 371; *Clothier* v. *Adriance et al.*, 51 id. 322; *Pratt* v. *Coman*, 37 id. 440; *Boyd* v. *Cummings*, 17 id. 103; *Stettheimer* v. *Meyer*, 33 Barb. 215; *Powers* v. *Freeman*, 2 Lans. 127; *Mechanics and Traders' Bank* v. *Crow*, 5 Daly, 193; 60 N. Y. 85.)

Andrews, J. The fact that Faunce took the note in nominal payment of the debt of Brown, Pope & Co. did not constitute him a holder for value, so as to shut out the defense that the note has been wrongfully diverted by the payee from the purpose for which it was made. It is the settled law of this State, that prior equities of antecedent parties to negotiable paper transferred in fraud of their rights will prevail against an indorsee who has received it merely in nominal payment of a precedent debt, there being no evidence of an intention to receive the paper in absolute discharge and satisfaction beyond what may be inferred from the ordinary transaction of accepting or receipting it in payment, or crediting it on account. The law regards the payment under such circumstances as conditional only, and the right of the creditor to proceed upon the original indebtedness after the maturity of the paper is unimpaired. (*Rosa* v. *Brotherton*, 10 Wend. 85; *Payne* v. *Cutler*, 13 id. 605; *Stalker* v. *McDonald*, 6 Hill, 93; *Lawrence* v. *Clark*, 36 N. Y. 128; *Weaver* v. *Barden*, 49 id. 286; *Moore* v. *Ryder*, 65 id. 438; *Potts* v. *Myers*, 74 id. 594.) If the claim that Faunce, or the insurance company (which has succeeded to his rights merely) can recover upon the note, notwithstanding the fraudulent diversion, rests solely upon the

fact that it was received by Faunce in payment of the debt of Brown, Pope & Co., it is clear from the authorities cited that it cannot be sustained.

But the plaintiff relies upon another circumstance to sustain the position that it is a holder for value. The original indebtedness of Brown, Pope & Co. to Faunce was for premiums on insurance collected by the firm. In January, 1875, Brown, Pope & Co. gave to Faunce their check on a bank, in ordinary form, in settlement of the balance then due to him. The check, on presentation, was dishonored, and it was presented to the bank for payment on several subsequent occasions, but was not paid, and it is found that the firm, neither at the time the check was drawn, or at any subsequent time, had funds in the bank out of which the check could have been paid, and that the check was worthless. Faunce held the check until March, when Brown, Pope & Co., who in the mean time had received the note in question from the payee, indorsed it over to Faunce in part payment of the debt of the firm, and he, at the time of the transfer, delivered to Brown, Pope & Co. their unpaid check.

It is claimed that the delivering up of the check upon receiving the note constituted Faunce a holder for value of the note. Since the case of *Coddington* v. *Bay* (20 Johns. 637), it has been the established law in this State, that to constitute an indorsee of negotiable paper a holder for value, so as to exclude the equities of antecedent parties, it is not sufficient that the transfer should be valid as between the indorser and indorsee, but in addition the latter must have relinquished some right, incurred some responsibility, or parted with value upon the credit of the paper at the time of the transfer. In exact accordance with this principle, and upon grounds which are entirely obvious and satisfactory, it has been frequently held that when a creditor takes from his debtor the note of a third person before maturity, in good faith, in payment of, or as collateral security for, the debt, and in consideration thereof, gives up collateral securities held therefor, he becomes, to the extent of the collaterals surrendered, a holder for value of the paper, and takes it free from

the defenses of antecedent parties.    (*Bank of Salina* v. *Bab-cock*, 21 Wend. 499 ; *Essex County Bank* v. *Russell*, 29 N. Y. 673 ; *Park Bank* v. *Watson*, 42 id. 490 ; *Chrysler* v. *Renois*, 43 id. 209.)

The question whether the surrender by a creditor to a debtor of the debtor's own note, on taking the negotiable note of a third person, is a parting with value within the rule in *Cod-dington* v. *Bay*, and the subsequent cases, first arose in this court in *Youngs* v. *Lee* (12 N. Y. 551), where the plaintiffs surrendered to their debtors, on receiving their note, indorsed by the defendant, a prior note of the debtors given for merchandise sold them by the plaintiffs.   It was held that the surrender of the prior note constituted the plaintiffs holders for value of the note in suit to the amount of the note surrendered, and entitled them to recover against the indorser, notwithstanding the delivery of the note to them was a diversion of it by the maker from the purpose for which it had been indorsed, the plaintiffs having received it without notice of the diversion.   The note surrendered was not due, and this fact is adverted to in the opinion of the court, but that circumstance was not the ground upon which the decision proceeded.   In *Day* v. *Saunders* (1 Abb. Ct. of App. Dec. 495), the plaintiff, on receiving the debtor's note indorsed by the defendant, which was a diversion from the purpose for which it was indorsed, surrendered four notes of the debtor, two of which were due, and two not due.   The court said that there was no distinction in principle between the case of a surrender of notes not due, and of notes due, and reversed the judgment of the court below, founded upon this distinction, holding that the plaintiff was a holder for value of the note in suit, to the full amount of the notes surrendered. The question again arose in *Brown* v. *Leavitt* (31 N. Y. 113) which was an action against the makers of a promissory note, payable to the order of Zebley & Co. and indorsed by them to the plaintiff's testator in part payment of their note held by him, which he surrendered on receiving the note upon which the suit was brought, and other notes, and a balance in

money. The defense alleged was fraud on the part of Zebley & Co. in obtaining the note, but it was not claimed that the indorsee had notice of the fraud when he received it. The evidence to show the alleged fraud was excluded on the trial, and the plaintiff recovered. This court affirmed the judgment, DAVIS, J., saying: " In this State it is settled by abundant authority that this transaction constituted the plaintiff's testator a holder for value of the note in question. A further discussion of the question might lead to a suspicion that the law was in doubt on this point." In *Pratt* v. *Coman* (37 N. Y. 440), the court again held that the surrender to a party of his own negotiable note past due, and taking in lieu thereof the negotiable note of a third person, indorsed by the debtor, was a sufficient parting with value, to constitute the indorsee a holder for value of the latter note. The counsel for the defendant, as appears from his printed points, sought to distinguish the case from *Brown* v. *Leavitt*, on the ground that in that case it did not appear that the plaintiff on surrendering the note had any remedy on the original indebtedness for which it was given, while in the case then before the court the note surrendered was given for money loaned by the plaintiff who could still recover on the original consideration. But the court in deciding the case disregarded the circumstance relied upon by counsel to distinguish it from *Brown* v. *Leavitt*. In *Paddon* v. *Taylor* (44 N. Y. 371), it was held that the defendant, who had received a warehouse receipt for property fraudulently obtained from the plaintiff in consideration of the surrender to the fraudulent vendee, who was insolvent, of his note, past due, given for money loaned him by the defendant, was a purchaser for value. In *Clothier* v. *Adriance* (51 N. Y. 322), one Bennett had purchased mowing machines of the defendants on credit, and on settling his account, gave his notes to the defendants for the purchase-money, and also assigned to them as collateral security a mortgage, a life insurance policy of the value of $46.58, and notes purporting to be made by a third party. The mortgage and the notes assigned as collateral turned out to be fictitious and fraudulent. Afterward Bennett by fraud pro-

cured the plaintiff to indorse his notes, and turned them out to the defendants in payment of his notes given on the purchase of the machines, and they in consideration thereof surrendered to Bennett his original notes and the collaterals. The court held that the defendants were holders for value of the notes indorsed by the plaintiff. HUNT, Com'r, said : " As the surrender of the notes of Bennett forms a sufficient consideration under our authorities, it is not necessary to discuss the effect of the surrender of the other instruments," citing *Brown* v. *Leavitt, Pratt* v. *Coman, Day* v. *Saunders,* and *Paddon* v. *Taylor.* In *Mechanics and Traders' Bank* v. *Crow* (60 N. Y. 85), the cases of *Brown* v. *Leavitt* and *Pratt* v. *Coman* were cited with approval, but the note surrendered in that case was indorsed by a third person.

In view of this long line of authorities it must be regarded as the settled doctrine in this State that the surrender by a creditor of the past due notes of a debtor, upon receiving from him, in good faith, before maturity, the note of a third person, in place of the note surrendered, constitutes the creditor a holder for value of the note thus taken, and protects him against the defenses and equities of the antecedent parties, and that it is immaterial whether the note surrendered was given to the creditor for goods sold, or money loaned, or under circumstances which would leave the original debt represented by the note in existence, enforceable against the debtor, or whether by surrendering the note, the creditor parted with his entire right of action.

The ground upon which *Youngs* v. *Lee* and the subsequent cases proceed is, that the surrender of the debtor's note is an extinguishment of the security surrendered, and that such extinguishment is a parting with value within the principle of *Coddington* v. *Bay.* The surrender of a prior note to the maker, under the circumstances of the cases cited, is unequivocal evidence of an intention, on the part of the parties to the transaction, to extinguish the note surrendered, and is equivalent to an express agreement to that effect. That the actual extinguishment and discharge of a prior debt, upon the transfer of a note of a third person by the debtor to the cred-

itor, is a parting with value by the former, was held in *Bank of St. Albans* v. *Gilliland* (23 Wend. 311), and *Bank of Sandusky* v. *Scoville* (24 id. 115). If these cases are in any respect inconsistent with prior or subsequent decisions of the court, the inconsistency is to be found in the conclusion that the prior debts were extinguished by the transactions in those cases, a conclusion which, it may be thought, was reached upon evidence which, if the dealing had been between individuals, would not, according to other cases, have been sufficient to establish an extinguishment. But it may well be, that by common understanding and usage, when a note is discounted by a bank to take up a prior note held by the bank against the party procuring the discount, and the avails are credited to him, the transaction is to be regarded as an extinguishment of the prior note although it may not have been actually surrendered. (*Slaymaker* v. *Gundacker's Exr.*, 10 S. & R. 75 ; *Bank of U. S.* v. *Daniel*, 12 Peters, 34 ; Note to *Cumber* v. *Wane*, 1 Smith's Lead. Cases, 458.)

While, therefore, we do not feel at liberty to disturb the rule established by *Youngs* v. *Lee* and the subsequent cases, it is quite manifest that the reason upon which they proceed is rather technical than substantial. There seems to be but little ground for holding that the surrender by a creditor of a past due note of a debtor, especially when his remedy upon the original debt remains, is a parting with value within the principle of *Coddington* v. *Bay*, and we are not disposed to carry the rule established upon this subject farther than has already been done. We cannot consistently do so if we adhere to the reason of the rule in *Coddington* v. *Bay*, which as stated by WOODWORTH, J., is, ''that the innocent holder having incurred loss by giving credit to the paper, and having paid a fair equivalent, is entitled to protection.''

In this case it is claimed that the surrender of the check of Brown, Pope & Co. was the same as the surrender of the debtor's note in the cases cited. We are of opinion that the cases are distinguishable. The check was not given to represent the debt. It was not taken, or intended, as a security for

the debt.   It was a false token, taken by Faunce in place of money.   Brown, Pope & Co., by drawing and delivering the check, represented to Faunce that they had funds in the bank upon which it was drawn, out of which, on presentation, it would be paid.   They had no funds.   The representation was false, and the bank refused to pay the check.   It was not a payment of the debt to Faunce, any more than the turning out to him of worthless bank bills on a broken bank would be payment, and returning the check to the drawers was a surrender of nothing of value.   It is true that an action on the check against the drawers might have been maintained by Faunce; but they were at all times liable to him for the debt.   It is said that the check operated as an acknowledgment of the debt, and that Faunce, having given it up, would be compelled, if now obliged to seek his remedy against Brown, Pope & Co., to bring his action on the account, in maintaining which, he would or might meet with difficulties, which he would not encounter if he had retained the check.   We think that this is quite too slight a circumstance upon which to found a judgment that Faunce was a holder for value of the note.   There is no legal presumption that it would be more difficult to prove a claim upon an account than upon a check; certainly no such presumption can arise upon the circumstances of this case.   Our conclusion is, that this action cannot be maintained.   It is conceded that Brown, Pope & Co. were not holders for value of the note, according to the law of this State.   Faunce did not become such holder on the transfer of the note to him.   The plaintiff stands in no better position, having simply succeeded to his rights.

The point is suggested on the brief of counsel that the note having been transferred to the plaintiff in Massachusetts the transaction is governed by the law of that State, which, it is said, differs from the law of New York upon the point we have considered.   It is sufficient to say that the point was not raised on the trial, and no proof was given as to the law of Massachusetts.   We cannot take judicial notice that the law of another State differs from our own.   (*McBride* v. *The*

*Farmers' Bank,* 26 N. Y. 450; *Leavenworth* v. *Brockway,* 2 Hill, 201.)

The order of the General Term of the Court of Common Pleas, reversing the order of the General Term of the Marine Court, should be reversed, and the order of that court affirmed.

All concur.

Ordered accordingly.