KATE WARD et al., Administrators, etc., Respondents, *v.* CHARLES N. HOWARD et al., Appellants.

L., plaintiff's intestate, executed, for the accommodation of E., a note for $2,180, payable to the order of the latter, who indorsed and negotiated it, receiving the proceeds. E. gave to L., in exchange, his own note for the same amount. Not being able to meet the note so executed by L., at maturity E., in pursuance of an agreement between them, paid to L. $1,180, and transferred to him a note made and indorsed by defendants for $1,000 not then due, whereupon L. delivered up to E. his note and paid the accommodation note when due, which was taken up and canceled. E. had received before the transfer $420 to apply on the $1,000 note, of which L. had no notice or knowledge when he received it. In an action upon the note, *held*, that L. was a *bona fide* purchaser for value without notice, and so was entitled to be protected against the equities of the defendants, and the payment was no defense.

(Argued January 30, 1882 ; decided February 7, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made June 30, 1881, which affirmed a judgment entered upon a decision of the court on trial without a jury.

This was an action upon a promissory note for the sum of $1,000, made by defendant Howard, and indorsed by the other defendants. Eneas, the last indorser, transferred it to William Lintz, plaintiff's intestate, under the circumstances set forth in the opinion.

*John L. Lindsay* for appellants. A valuable consideration must be parted with to protect the holder of a negotiable instrument against equities existing between original parties. (*McQuade* v. *Irwin*, 7 J. & S. 398; *Bay* v. *Coddington*, 5 Johns. Ch. 54; *Stalker* v. *McDonald*, 6 Hill, 92.) A precedent debt is a valid but not a valuable consideration for a note given to secure it or in payment of it. (*Bay* v. *Coddington*, 5 Johns. Ch. 54; *Stalker* v. *McDonald*, 6 Hill, 92; *Spear* v. *Myers*, 6 Barb. 445; *Cheesebrough* v. *Wright*, 41 id. 32; *Prentiss* v. *Graver*, 33 id. 621; *Weaver* v. *Barden*, 49 id. 293; *Taft* v. *Chapman*, 50 id. 448.) The indorsee of a nego-

tiable note, to whom it had been transferred as simply collateral security, is not entitled to be regarded as a *bona fide* holder in the commercial sense; a defense existing at the time of the transfer would not be precluded. (*Manhattan Co.* v. *Reynolds*, 2 Hill, 140; *Presdt., etc., of B'k of Poughkeepsie* v. *Hasbrouck*, 6 N. Y. 230.) Where a promissory is obtained by false representations, or is without consideration, or is misapplied, and the owner and holder discounts it as a further and additional security for the payment of a debt then due from the payee, he cannot recover from the maker. (*Duncan et al.* v. *Gosche*, 21 How. Pr. 344.) Where negotiable notes or bills have been misappropriated or lost, if a subsequent holder takes them innocently, for a full or valuable consideration, by giving money or goods for them in the usual course of trade, he is entitled to recover on them. As between him and the real owner the equities are equal. (Edwards on Bills of Exchange, marg. p. 373.) If, when the Ketchum note was taken up by Lintz, Eneas had been legally discharged from all liability, something of value might have been parted with by Lintz. (Edwards on Bills, § 322; *Spear* v. *Myers*, 6 Barb. 445; *White* v. *Springfield B'k*, id. 225; *Stewart* v. *Small*, 2 id. 559; *Young* v. *Lee*, 18 Barb. 187; 2 Kern. 551.) Defendants could not compel Eneas to indorse the receipt of $420 on the note. (*Lang* v. *Meader*, 1 Carr. & Payne, 57; *Green* v. *Croft*, 2 H. Fla. 30; *Wood* v. *Hitchcock*, 5 Wend. 47; 2 Denio, 196; 14 Wend. 222.)

*S. H. Thayer* for respondent. A note, even when taken for a precedent debt or liability, is taken for value, if taken in satisfaction and the debt canceled. (*B'k of St. Albans* v. *Gilliland*, 23 Wend. 311; *B'k of Sandusky* v. *Scovill*, 24 id. 115; *Farrington* v. *Frankfort B'k*, 24 Barb. 554; *Young* v. *Lee*, 18 id. 187; *Stevens* v. *Corn Exchange B'k*, 3 Hun, 147; *Mohawk B'k* v. *Corey*, 1 Hill, 513; 5 Johns. Ch. 54.)

FINCH, J. Upon the facts disclosed, the plaintiff's intestate, Lintz, held the note in suit, without notice, and for a valuable consideration, and before maturity, so that he was entitled

to be protected against the equities of the defendant, Charles Howard. ( *Weaver* v. *Barden*, 49 N. Y. 293.) Lintz had given his note to Ketchum for $2,180, which was payable to the order of Eneas as an accommodation to the latter, who was the real borrower, and received the entire proceeds of the loan, and acknowledged his liability therefor by giving his own note of the same date and for the same amount to Lintz. When the latter's note to Ketchum was about maturing, Eneas found himself unable to meet it promptly and in full, and out of that inability arose the new arrangement. He agreed to pay Lintz $1,180 in cash, and transfer to him the note in suit for $1,000, upon condition that Lintz should take up and pay the note to Ketchum, which was in reality the debt of Eneas. The agreement was accordingly executed. The check for $1,180 and the note in suit were delivered to Lintz, who paid the note to Ketchum, which, as the Special Term finds, was taken up and canceled. The discharge and cancellation of that note relieved Eneas from liability upon it as indorser, for its entire discharge was the obvious purpose of the agreement, and followed from the cancellation of the note.

It is further found that Lintz, at the same time, surrendered up and returned to Eneas the latter's note of $2,180 which was given as collateral to his liability, or as an acknowledgment thereof. These facts show that Lintz took the Howard note, not merely upon an antecedent debt, but upon the further consideration of the cancellation of one security, and the surrender of another, and materially changed his situation with reference to Eneas. Before the new arrangement, he stood liable to pay the debt of the latter, without having actually paid any part of it. Under the changed agreement he actually paid $1,000 of that debt, taking as his sole security therefor the Howard note, indorsed by Eneas, and which fell due nearly a year later. It follows that Lintz became an innocent purchaser for a valuable consideration of the Howard note, it further appearing that he had no knowledge or notice of the alleged equity of the maker. ( *Weaver* v. *Barden supra* ; *Youngs* v. *Lee*, 12 N. Y. 551.)

The fact, therefore, that $420 had been paid on the note in

.suit before its transfer to Lintz was not available as a defense or to reduce the recovery.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.