MARTHA W. LEACH, Appellant, v. JAMES A. FLACK and Others, Executors, etc., of WILLIAM C. CONNER, late Sheriff, etc., Deceased, Respondents.

*Fraudulent conveyances — 3 R. S. (6th ed.), 143, sec. 5; Id., 146, sec. 5 — Rights of a purchaser for a valuable consideration.*

This action was brought to recover the value of personal property seized under an attachment issued in an action brought against one Leach and sold under a judgment recovered therein. Leach being indebted to the plaintiff, his mother, in the sum of $3,300, for which she held his promissory note, it was agreed, on June 9, 1876, that he should transfer the property to her by a bill of sale, and she agreed, although it was of less value than the amount of the debt, to accept the same in satisfaction of the debt and surrender the note. This was done and the plaintiff then leased the property to Leach, which lease was terminated, under an authority therein contained, by the service upon him of a notice, after the property had been levied upon under the attachment. The referee held that the sale was rendered void as to Leach's creditors by section 5 of 3 Revised Statutes (6th ed.), 143, providing that where the vendee was allowed to retain the possession of the property the sale should be presumed to be fraudulent, and that such presumption should be conclusive unless the vendee should prove that it was made in good faith and without intent to defraud creditors.

*Held,* that as the referee also found that the plaintiff acted in good faith, and had no knowledge of any intention on the part of her son to deceive or defraud any of his creditors, her title was preserved and rendered valid by section 5 of 3 Revised Statutes (6th ed.), 146, providing that the title of a purchaser for a valuable consideration should not be affected or impaired by any of the provisions of that chapter unless the purchaser had previous notice of the fraudulent intent of his grantor.

APPEAL from a judgment in favor of the defendants, entered on the report of a referee.

*Edward Van Ness*, for the appellant.

*Vanderpoel, Green & Cumming*, for the respondents.

DANIELS, J.:

The object of the action was the recovery of the value of personal property seized under an attachment issued against Henry A. Leach, and afterwards sold upon an execution upon the judgment recovered in the action in which the attachment had been issued. This property, at the time of its seizure, was in the possession of the defendant in the attachment; but it was shown that before that time he became indebted to the plaintiff, who was his mother, in the sum of $3,300, for money loaned, and for which she held his promissory note. On the 9th of June, 1876, he made a bill of sale of the property to her, and although it was of less value than his indebtedness to her, she accepted it as a satisfaction of the debt, and surrendered the note to him. She thereupon leased the property to him, but that lease, under authority contained in it, was vacated by a notice served soon after the seizure under the attachment. The referee held the sale from the debtor to the plaintiff to be fraudulent and void as against his creditors on account of his continued possession, and he directed a dismissal of the complaint for that reason, although he also found the fact to be established by the evidence that the plaintiff was no party to the fraud, but received the bill of sale without notice of her son's embarrassment in business, and without any intention to hinder, delay or defraud any of the existing or subsequent creditors of the vendor. His construction of the statute was that the sale was void, notwithstanding this conclusion, for the reason that it was to be presumed that it was fraudulently made by her son because he was afterwards permitted to remain in possession of the property sold. This conclusion was considered warranted by the language of the statute, declaring that the possession of the vendor should be conclusive evidence of fraud, unless it should be made to appear on the part of the person claiming under it that the sale was made in good faith, and without any intent to defraud creditors or purchasers. (3 R. S. [6th ed.], 143, § 5.) But it is clear that the learned

referee misapprehended the force and effect which should be given to this section of the statute. For it was further provided in the general provisions of the statute that the provisions of the chapter containing this section should not be construed in any manner to affect or impair the title of a purchaser for a valuable consideration, unless it should appear that such purchaser had previous notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor. (Id., 146, § 5.)

No such notice as this section required to avoid the title because of the fraud of the vendor, was proved in the case, but the referee found, on the contrary that "she had no knowledge of any intention on his part to deceive or defraud any of his creditors." And under the force and effect of this section her title to the property could not be defeated by the mere circumstance that the person from whom she acquired it intended to hinder, delay or defraud his creditors. And the law was so considered in *Dudley* v. *Danforth* (61 N. Y., 626.)

That she was a purchaser for a valuable consideration, within the language of the statute, was proved by the facts that she had an honest debt against her son for more than the value of the property sold to her, and the sale was made in satisfaction of the debt, and at the time when she received the bill of sale she surrendered the note which the debtor had given her for it, to him. These facts, under what now is the settled law, made her a purchaser for a valuable consideration. (*Phœnix Ins. Co.* v. *Church*, 81 N. Y., 218, 223–6.)

The final direction given by the referee for the dismissal of the complaint was in direct conflict with the facts found by him to have been proved by the evidence. The judgment should, therefore, be reversed and a new trial ordered, with costs to abide the event.

BRADY, P. J., concurred.

Present—BRADY, P. J., and DANIELS, J.

Judgment reversed, new trial ordered, costs to abide event.