### LOMBARD v. CENTRAL NAT. BANK.

*(Supreme Court, General Term, Third Department. March 16, 1889.)*

PLEDGE—NEGOTIABLE INSTRUMENTS—BONA FIDE HOLDERS.

An agreement to renew a note upon the pledge of a negotiable instrument as security, and a renewal pursuant to that agreement, before notice of defect in the debtor's title to the security, constitutes the creditor a *bona fide* holder for value of the pledge.

Appeal from circuit court, Rensselaer county.

Action by Isabella K. Lombard against the Central National Bank of Troy, for the conversion of a bond. The plaintiff, prior to April 24, 1877, was the

owner of a Troy & Boston Railroad bond for $1,000, which she had left with her brother, Justin Kellogg, for safe-keeping. That is the fair construction of her testimony, although in some places she uses language inaccurately, and so the fact is stated in the brief of defendant's counsel. On that day Justin Kellogg pledged the bond to defendant as security for a note of Giles B. Kellogg, indorsed by him. This note was twice renewed, and the last renewal was paid August 9, 1878. On applying for the surrender of the bond at that time, or shortly after, Justin Kellogg was informed that the bank claimed to hold it for other notes. The evidence on that subject is, in substance, that in May, 1878, Justin Kellogg had a conversation at the bank with some of its officers in regard to the liability then existing of himself, and also of Giles B. Kellogg, on notes indorsed by Justin Kellogg; that Justin Kellogg then said that the bank then held securities amounting at par to something like $600 or $800 less than the liability; that he was willing that the bank should hold, as they had done, securities deposited by him as collateral security to his own paper, and to that of Giles B., indorsed by him. The bond in question was not specially mentioned, except that one of the bank officials testifies that Justin Kellogg mentioned the securities, and among them a Troy & Boston Railroad $1,000 bond. He further says that after the conversation was over, and Justin had agreed to pay the $400 note, (renewal of the $450,) "they agreed to renew them." Afterwards the bank did renew notes of Giles B., on which Justin was indorser to the amount of several thousand dollars. Upon these facts the bank claims that it has a lien on this bond superior to plaintiff's title. The learned justice directed a verdict for plaintiff, and defendant appeals.

Argued before LEARNED, P. J., and LANDON, J.

*Warren, Patterson & Gambell,* for appellant. *Smith & Fursman,* (*Esek Cowan,* of counsel,) for respondent.

LEARNED, P. J., (*after stating the facts as above.*) It is suggested that this is not a case where the party to a negotiable instrument claims to assert some defense which would be valid against the original holder, and where the question is whether such defense is valid against the present holder; but that the present case presents a question of title to the bond, and not one of defense thereto. In the cases decided on this subject, we do not find that any distinction is made. Most of the cases have been of the former kind, a few of the latter. Still, so far as we can see, both in the text-books and in the cases, the same course of argument has been applied in each.

The point on which most discussion has been had, and some disagreement has existed, is as to what constitutes a sufficient consideration to protect the *bona fide* purchaser, and that is the question in this case. We must assume all which the jury could have found in defendant's favor, as a verdict was directed against it. The jury then might have found that in consideration of the pledge of this bond the defendant agreed to renew the notes of Justin Kellogg and of Giles B. Kellogg, and that in pursuance of that agreement they did make such renewals. The bank shows in its possession notes of a date later than the day of the alleged agreement, and these are stated to be renewals. In *Insurance Co.* v. *Church,* 81 N. Y. 218, at page 225, after a review of numerous cases, it is said that the surrender by a creditor of the past-due notes of a debtor constitutes the creditor a holder for value, and that it is immaterial whether or not by renewing the note the creditor parted with his entire right of action. In *Oates* v. *Bank,* 100 U. S. 239, it was decided that an extension of time in consideration of the indorsement to the creditor of a negotiable note made the creditor a holder for value, so that his rights were not affected by equities between antecedent parties. This point has been so thoroughly considered in those and other cases that we do not think it profitable to cite the many cases in which the subject has been treated. There may not be perfect consistency in them. When a note is renewed,

the old note is surrendered. True, the debt exists under another form, but the creditor cannot bring suit upon it until the new note has become payable. If the creditor surrenders an old note and takes a new one in its place, in consideration of a negotiable security put into his hands, he parts with value. If the negotiable security is put into his hands to induce him to promise to renew the old note, and subsequently he does so renew, before notice of the defect of title to the security, the situation is the same. The creditor deprives himself of the valuable right of suing the debtor at once; accepts a new liability instead of the old; and does this in consideration of a negotiable security delivered to him for the purpose of inducing this delay. We think, therefore, that a verdict should not have been directed for the plaintiff, but that the case should have gone to the jury. Judgment reversed; new trial granted; costs to abide event.

LANDON, J., concurs.