### TRADESMEN'S NAT. BANK *v.* ERTELL *et al.*

*(Supreme Court, General Term, First Department.* March 28, 1890.)

PROMISSORY NOTE—INNOCENT HOLDER—BURDEN OF PROOF.

In an action against the maker of a promissory note discounted by plaintiff before maturity in the ordinary course of business, the burden of proof is on defendant to show, not only that the original holder had negotiated the note in violation of his agreement to hold it as collateral security, but also that plaintiff is not a *bona fide* holder for value.

Appeal from circuit court, New York county.

Action by Tradesmen's National Bank against William H. Ertell and another. Defendant Ertell appeals from judgment in favor of plaintiff on a verdict directed by the court.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*J. H. Clapp,* for appellant.    *W. W. Niles,* for respondent.

VAN BRUNT, P. J. This action was brought upon a promissory note against the defendant Ertell as maker. The said defendant offered proof tending to show the delivery of the note in suit to one Pennevet upon an agreement to hold it as collateral security for drafts to be drawn under a letter of credit, (which letter of credit was duly delivered,) and that the note should not go out of his possession unless there should be a default in meeting the drafts; that there had been no such default; and that the plaintiff became the holder of the note before maturity by discounting the same for the benefit of the defendants Carr & Purdy. It appears that about the time of this discount the defendants Carr & Purdy drew a check for $2,852.31. payable to bearer. It is claimed upon the part of the appellant that there is no evidence to show to whom this check was paid, or to show that it was paid at all, and that there is nothing in the case inconsistent with the fact that this check was simply given to the cashier of the bank in settlement of the account of the defendants Carr & Purdy; that is, in payment of an indebtedness due from Carr & Purdy to the bank. There was some evidence in reference to the return of a check or draft upon a Connecticut bank unpaid, and it is claimed that the discount in question was made for the purpose of supplying the deficiency in the account of Carr & Purdy arising from the return of this check. At the

close of the case the defendant's counsel asked to go to the jury as to whether there was an indebtedness existing at the time (meaning at the time of the discount of the note in question) from Carr & Co. to this bank. This the court refused, and the defendant excepted, and the court directed a verdict in favor of the plaintiff, and from the judgment thereupon entered this appeal.

It would appear that the whole of the appellant's claim presented upon this appeal rests upon an erroneous view as to upon whom the burden of proof rests. It seems to be assumed that, having shown the diversion of the note by the person to whom it was intrusted, it became incumbent upon the bank to show that it was a *bona fide* holder for value. In the case of *Bank* v. *Crow*, 60 N. Y. 85, it is expressly held that under such circumstances it is necessary for the party seeking to avoid the payment of the note to go further, and that in such circumstances the bank is presumed to be the holder for value without notice of any defense to the instrument; and proof of failure of consideration between the original parties does not change the presumption, or put the bank to the proof of the consideration upon which it received the paper. In other words, it is incumbent on the defendant under such circumstances to show that the plaintiff is not a *bona fide* holder for value. The case of *Insurance Co.* v. *Church*, 81 N. Y. 218, is in no way in conflict with this view. In that case it was held that the holder of the note was not a holder for value, because it appeared that all that the holder had given for it was a check of the party from whom he received the note, and that therefore it was simply receiving nominal payment of a precedent debt, there being no evidence of an intention to receive the paper in absolute discharge and satisfaction. In the case at bar the evidence shows that this note was discounted in the ordinary course of business and credited to Carr & Co., and it does not distinctly appear what became of that money. There is no evidence which would authorize the jury to find that such money was applied to the payment of any antecedent debt due from Carr & Co. to the bank. It was necessary, in order to bring the case within the rule laid down in *Insurance Co.* v. *Church*, for the defendant to establish that proposition, the presumption being that the bank was a *bona fide* holder for value. Under these circumstances there was no question to be submitted to the jury, even if the testimony of Mr. Mason, as to what the alleged cashier of the plaintiff stated to him, is given all the weight of an admission by one of the officers of the plaintiffs. There seems to be no reason for disturbing the judgment, and it should be affirmed, with costs. All concur.