(22 Misc. Rep. 136.)

## LEVY et al. v. YAZBECK et al.

(Supreme Court, Appellate Term.　December 27, 1897.)

APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

While a purchaser from a fraudulent vendee, who surrenders to the latter, as sole consideration, his note for a past indebtedness, is a purchaser for value as against the original vendor, yet if the only testimony of such a surrender comes from the purchaser himself, and is wholly uncorroborated, the finding of the trial court in favor of the original vendor should not be disturbed on appeal.

Appeal from Seventh district court.

Action by Martin D. Levy and others against George Yazbeck, George Saba, and others. From a judgment in favor of plaintiffs, defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

S. Vilas Beckwith, for appellants.

Samuel J. Levy, for respondents.

BISCHOFF, J.　A sale of goods by the plaintiffs to the defendant Yazbeck, induced by the latter's fraudulent misrepresentations, was disaffirmed upon discovery of the fraud, and in this action, brought to recover the goods, the plaintiffs' demand of possession was resisted by the defendant Saba, who claimed title as a bona fide purchaser, under a bill of sale from Yazbeck. Claiming through the fraudulent vendee, the burden of proving that he was himself a purchaser for value, in good faith and without notice, was upon this defendant Saba (Stevens v. Brennan, 79 N. Y. 254), and to support his claim he furnished no evidence other than his own testimony as to the transaction with Yazbeck, this being the testimony of an interested witness, and so not conclusive upon the trial court, even if not contradicted. Posthoff v. Schreiber, 47 Hun, 593. According to Saba's story, Yazbeck was indebted to him on August 7, 1897, in the sum of $10,000, this being practically a balance due, over prior payments, for the purchase price of the stock and good will of the business theretofore sold by Saba to Yazbeck, in the conduct of which business, after this sale, Yazbeck had purchased the goods in suit. Saba held the latter's promissory note for $13,000, representing the consideration, which note was overdue and unpaid on August 7th; and on that date Yazbeck retransferred the whole stock of the business to him, including the plaintiffs' goods, receiving back his note for the part indebtedness. When the question of consideration arises upon the transfer of negotiable paper, the absolute discharge of a prior indebtedness through a complete extinguishment of the original demand, if satisfactorily proven, may suffice to render the creditor, who takes a note of a third party, a holder for value (Insurance Co. v. Church, 81 N. Y. 218); but the rules applicable to such a transfer do not operate to this extent in favor of a party who seeks to uphold his own purchase from a fraudulent vendee (Barnard v. Campbell, 58 N. Y. 73). As was said in the case last cited:

"There is no good reason or equity in placing the burden of. a fraudulent sale upon a bona fide vendor, rather than upon a bona fide purchaser from the fraudulent vendee, unless the purchaser has parted with his money, or some value, upon the credit of possession or some evidence of title in the vendee, received from the original owner, and by means of which he has induced the purchaser to treat with him as owner."

Such a purchaser, however, may be protected if he has relinquished some security held by him, trusting in the apparent ownership of the fraudulent vendee (Weaver v. Barden, 49 N. Y. 286); and so of the delivery up of a promissory note held as security for a part indebtedness, whether overdue or not (Insurance Co. v. Church, supra). The case of Paddon v. Taylor, 44 N. Y. 371, is directly in point; and it was there held that the purchaser from the fraudulent vendee, who surrendered to the latter, as sole consideration, his note for a part indebtedness, was a purchaser for value· as against the original vendor, and that any question as to maturity of the note was immaterial. If Saba's story were credited, therefore, his defense would have been sufficient in law, since he further testified to his ignorance of the fraud; but his account of the transaction, while by no means wholly improbable, is in no way substantiated by extraneous circumstances. It stands alone, the testimony of an interested witness, and no significance can be attached to the plaintiff's failure to contradict it, in view of the character of the matter, which was closely personal to these two defendants. Significance, however, does certainly attach to the justice's finding upon the facts, after hearing this individual's testimony, personally, and having had the opportunity, which this court has not, of observing the witness' demeanor when upon the stand. His impressions may have been such as to lead him to distrust the witness, and to justify his rejection of the story that Saba's ownership of the business had actually been transferred to Yazbeck at any time. This course was well within his province, and would necessarily result in the finding that this defendant had failed to sustain the burden of proving that a consideration, other than colorable merely, existed for· Yazbeck's transfer to him. There was evidence, also, that at the time of this transfer Saba was removing the stock with suspicious haste, and that he knew of Yazbeck's insolvent condition. Further, it appeared that he had solicited orders for the sale of a quantity of this stock some days before he obtained the bill of sale from Yazbeck, and his explanation of this may readily have been found unsatisfactory by the justice. The rule that the credibility of an interested witness is exclusively a matter for the trial court to determine, in the absence of corroborating circumstances, is a salutary one, and calls for no exception in the present case. Judgment affirmed, with costs. All concur.