(22 Misc. Rep. 356.)

## MERSCHENDORF v. KOCH.

(Supreme Court, Appellate Term.　January 21, 1898.)

WEIGHT OF EVIDENCE.

The uncorroborated testimony of an interested party is not conclusive upon the justice of a district court before whom the action is tried, without a jury, where, though not expressly contradicted, it is opposed to the terms of an agreement in evidence between the parties.

Appeal from First district court.

Action by Dietrich Merschendorf against Paul Koch on a note. From a judgment for plaintiff, defendant appeals.　Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

W. W. Culver, for appellant.

Leon Kronfeld, for respondent.

BISCHOFF, J.　The note in suit was given to the plaintiff by the defendant in return for the delivery to him of certain certificates which expressed the fact that a quantity of whisky was kept by the plaintiff, on storage, to the defendant's order, the whisky to be delivered upon payment by the holder of the certificate of the stated purchase price and the tax imposed by the government, together with certain other charges.　The defendant set up an affirmative defense of an alleged oral agreement, contemporaneous with the delivery of the note, whereby the maturity of the obligation was deferred to his demand for possession of the whisky, and it was claimed that the defendant had never demanded such possession.　In support of this defense the defendant alone gave testimony, and upon this appeal it is contended that the justice should have found favorably to the defense upon this evidence, because not expressly contradicted, or that, in any event, judgment should have been rendered for the defendant upon the ground that there was an absence of consideration for the note.　The presence of consideration amply appears, however, from the fact that the plaintiff bound himself to keep the stated quantity of whisky ready for delivery upon the defendant's demand, and it is reasonably to be inferred from the plaintiff's evidence that the note in suit was given to secure the defendant's payment, under the contract, before the date of maturity. That delivery of the whisky was to precede the payment of the price was a proposition opposed to the terms of the agreement, as expressed in the certificate, and the only evidence that such was the condition of payment is found in the uncorroborated testimony of the defendant himself, which testimony, if otherwise available, being that of an interested witness, was by no means conclusive upon the justice sitting as trior of the fact.　Levy v. Yazbeck (Sup.; Dec. 27, 1897) 49 N. Y. Supp. 283.　The judgment must be affirmed, with costs.　All concur.