(37 App. Div. 355.)

CHAPMAN v. OGDEN et al. (two cases).

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

1. BILLS AND NOTES—INDORSERS—CONSIDERATION.
    A firm was indebted to plaintiff both on contract and on a debt arising in tort, in satisfaction of which plaintiff agreed to accept indorsed notes. At the firm's request the indorsements were made, notes delivered, and the indebtedness canceled. *Held*, that there was a valuable consideration for the indorsements, since plaintiff, on the strength of them, released the firm from remedies which he had for the collection of his claim.

2. SAME—NOTICE OF PROTEST.
    In an action on a note, it is immaterial whether or not a notice of protest was mailed, where defendant admits in writing the receipt of such notice.

Appeal from trial term, New York county.

Consolidated actions by Caroline C. Chapman against Josephine Ogden and others, and against John R. Ogden, Jr. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. L. Snyder, for appellants.
G. M. Bayne, for respondent.

VAN BRUNT, P. J. These actions were originally brought as one action upon two promissory notes made by John R. Ogden and indorsed by the other defendants. John R. Ogden answered separately, and John R. Ogden, Jr., answered on behalf of the other defendants Ogden. The plaintiff's counsel having contended that each defendant should have verified the answer, the action was severed as to the defendants Josephine E. Ogden and Charlotte S. Ogden,

and they were declared to be in default. This default was opened, and they were subsequently allowed to answer, whereupon each defendant filed a separate answer, and all the appellants filed affidavits denying the receipt of notice of protest. The issues in both actions presenting precisely the same question, the cases were tried together, and the same testimony and proceedings were made applicable to each by stipulation. The evidence showed that in 1890 and 1891 the firm of Morehead & Ogden was engaged in the brokerage business in the city of New York, and was composed of Franklin C. Morehead and John R. Ogden. The firm was indebted to the plaintiff for moneys deposited by her with the firm in the sum of $2,271.20, and in addition she had a claim against them for $2,358.35 for the conversion of two bonds belonging to her which she had left with them. Demand being made upon said firm for a return of the bonds and for payment of the open account, it was finally arranged that the plaintiff should accept in full settlement of her claim against Morehead & Ogden the two notes mentioned in the complaint,—one for $2,271.20, the amount of the open account, and the other for $2,358.35, the value of the bonds; said notes to be payable on demand, to draw interest from date, and to be indorsed by Josephine E. Ogden, John R. Ogden, Jr., and Charlotte S. Ogden. The said notes were delivered and accepted in full settlement of the claims of the plaintiff against Morehead & Ogden. Accompanying the notes was an agreement under seal of Josephine E. Ogden, by which she admitted having indorsed the notes freely and voluntarily and for a valuable consideration, and by which she undertook and agreed to pay the notes, waiving any defenses, legal or equitable, for any cause, that she might have to any action against her for the recovery of both or either of said notes, or any amount unpaid thereof. The notes and agreement were dated August 28, 1891. Subsequently the defendants Josephine E. Ogden, John R. Ogden, Jr., and Charlotte S. Ogden executed an instrument bearing date the 30th of October, 1891, whereby, among other things, in consideration of the plaintiff not bringing suit before the 1st of November, 1891, and for other valuable considerations, they admitted that said notes were duly and in due time presented for payment, but were not paid, and that said notes were in due time protested; and each of them admitted the receipt of due and timely notice of nonpayment of said notes, and of the protest of said notes for nonpayment. Then followed a reiteration of the statement as to indorsement for value, and the waiver of all defenses, legal or equitable. This paper, however, was not delivered until the 4th of November, 1891. Evidence of protest by the notary was also offered, who swore to the mailing of the notice of protest; but upon cross-examination it would appear that he knew nothing about it, and had no present recollection as to whether he mailed the notices or not. Upon this state of facts the defendants' counsel asked to go to the jury upon all the issues, but a verdict was directed in favor of the plaintiff, and from the judgment thereupon entered this appeal is taken.

It is undoubtedly true, as claimed by the counsel for the appellants, that, this controversy being between the original parties to the instru-

ments, any defenses which the indorsers might have to the notes would be available; but it seems to be claimed upon the part of the appellants that, because the indorsers received no consideration, therefore no liability exists upon the contract of indorsement, notwithstanding that the notes may have been indorsed for the accommodation of the maker, and appropriated by the maker to the very purpose for which they were intended, namely, the payment of his indebtedness. In this we think the learned counsel is in error. It is difficult to see what accommodation there would be in an instrument, unless it could be used by the person for whom the same was made. In the case at bar the firm of Morehead & Ogden were indebted to the plaintiff upon a contractual indebtedness, and also upon an indebtedness arising in tort. The plaintiff agreed to accept these indorsed notes in payment of both of these claims, and at the request of the maker of the notes the indorsements were made, the notes delivered, and the indebtedness canceled. It is undoubtedly true that there is no evidence in the case that the payee of the note agreed to forbear for any length of time the collection of her debt from the firm of Morehead & Ogden. But the evidence is beyond dispute that by taking these notes she released the firm from remedies which she had against them for the collection of her claim; and the indebtedness of Morehead & Ogden became merely that of surety, where they had been principals, and was simply of a contractual nature, whereas a portion of it had before been of a different character, for the enforcement of which she had remedies which by the acceptance of the notes she relinquished. It is true, as claimed by the counsel for the appellants, that, until notes come into the hands of a bona fide holder for value, the defense of want of consideration is a good defense, and available to the indorser against the plaintiff, who parted with nothing on the strength of the indorsement. But it seems to us that the facts above stated are lost sight of, namely, that the plaintiff upon the receipt of these notes did give up rights, and was a holder for a valuable consideration. Insurance Co. v. Church, 81 N. Y. 218; Fleischmann v. Stern, 90 N. Y. 110; Mayer v. Heidelbach, 123 N. Y. 332, 25 N. E. 416; In re Utica Nat. Brewing Co., 154 N. Y. 272, 48 N. E. 521. Upon this branch of the case, we do not think that the instrument of October 30th had any probative force. It was not delivered until after the time of forbearance mentioned therein had elapsed, and consequently there could have been no forbearance resulting from the execution of that paper.

It is urged that in any event the defendants were entitled to go to the jury upon the question whether the notices of protest had been mailed. This would have been so, had the plaintiff's case depended upon the testimony of the notary. But an unqualified and uncontradicted admission of all the defendants that they received notice of protest was contained in the instrument of October 30th; and, although that paper may have no value as an agreement, the admissions contained therein, which have not been qualified or contradicted by any evidence, must be taken into consideration in determining the issue to which they relate. In this paper the defendant indorsers admit the receipt of notice of protest. They have nowhere denied this fact

upon the trial. Consequently the proper mailing of the notice of protest was proved independent of the testimony of the notary.

Upon the whole case, we are of opinion that the judgments should be affirmed, with costs. All concur.