JOHN W. PADDON, Appellant, *v.* JAMES C. TAYLOR,
Respondent.

One to whom the possession of personal property has been voluntarily delivered, under color of an actual sale, although such surrender has been induced by his fraud, rendering the sale voidable at the option of his vendor, as between them, can give valid title to a bona fide purchaser.

Mere possession, as that of a bailee or a thief, will not enable a purchaser to acquire title, although he buys in perfect good faith, and pays full value; but it is otherwise where the possession is under a sale, notwithstanding such sale, as between the parties thereto, may be voidable for fraud.

If the holder of a promissory note, past due, delivers it up to the maker in consideration of the transfer to him of a warehouse receipt for goods, in

the absence of notice of any fraud, or reason to suspect it, he becomes a bona fide purchaser of the goods represented by the receipt.

(Submitted January 9, decided May 1, 1871.)

APPEAL from an order of the General Term of the Supreme Court in the second district, affirming a judgment dismissing the complaint.

The complaint alleged, among other things, that on the 9th of May, 1863, one Hicks purchased of the plaintiff, for cash, 168 barrels of flour, at seven dollars and eighty-five cents per barrel ; that such purchase was made fraudulently, and with the intention on the part of Hicks not to pay therefor, and that Hicks deposited the flour in the warehouse of J. V. Spader, in the city of New York; that Hicks was indebted to the defendant at the time in the sum of $800, for money loaned to him and on that account only; that on making the deposit of flour, Spader delivered to Hicks an acknowledgment in writing that one hundred barrels of flour had been received by him, Spader, from S. F. Taylor, the father of the defendant; that on the 11th of the same May, Hicks delivered this certificate and a bill of sale of the 100 barrels of flour to the defendant but received no other consideration therefor, than the note of Hicks in favor of Taylor for $720, dated in June, 1862 ; that Taylor at the time knew that Hicks was insolvent, and that Taylor claimed to be the owner of the flour. The complaint also sets out that Taylor had demanded possession from Spader, and this being refused had brought an action for an alleged conversion, and that plaintiff had also brought an action against Spader, in replevin; that upon the plaintiff indemnifying Spader against Taylor's action, Spader had paid to the plaintiff the value of the 100 barrels of flour. Judgment is prayed that the certificate may be cancelled, and that the defendant may be enjoined from further prosecuting his action against Spader.

The answer admits that the defendant was the holder of Hick's note for $720 and interest, dated June 2, 1862, and

that the note was given for money loaned; that Spader, on receiving the flour from Hicks, gave a certificate for 100 barrels thereof for the account of S. F. Taylor, and subject to his order, which certificate is set forth; that S. F. Taylor was the defendant's agent; that Hicks delivered the certificate and a bill of sale of the same to him, and received no other consideration therefor than the payment and surrender of the note before described.

The answer contained a denial of all the allegations not specifically admitted. Upon the trial the complaint was dismissed. The only special finding of fact or of law is thus stated. "The evidence was here closed. The court after deliberation found and decided as matter of fact, that the matters alleged in the complaint and admitted by the answer were true, and thereupon found and decided as matter of law, that the defendant was entitled to judgment dismissing the plaintiff's complaint, with costs; to which finding and conclusion of law the plaintiff duly excepted." From the judgment entered, dismissing the complaint, with costs, the plaintiff appealed to the General Term of the second district, where the same was affirmed. The plaintiff appealed to the Court of Appeals.

*F. N. Bangs,* for the appellant, on the question of title, cited *Taylor* v. *Plumer* (3 M. & Selw., 573–580); *Robinson* v. *Dauchy* (3 Barb., 20); *Root* v. *French* (13 Wend., 570); *Bevens* v. *Lahe* (6 Duer, 232); *Spraight* v. *Hawley* (39 N. Y., 441); *Anderson* v. *Nicholas* (5 Bosw., 12).

*L. A. Fuller,* for the respondent on the same question, cited *Young* v. *Lee* (18 Barb., 191); affirmed, 2 Kern., 551; *Stettimer* v. *Myers* (33 Barb., 215); 21 Wend., 499; 24 id., 115; 3 Sandf., 222; 37 N. Y., 440; 20 N. Y., 184, 186; 21 id., 547, 552; *W. T. Co.* v. *Marshall* (37 Barb., 509); affirmed, 6 Abb., N. S., 280; *Williams* v. *Birch* (6 Bosw., 299); *Caldwell* v. *Bartlett* (3 Duer., 341); *Smith* v. *Lynes* (1 Seld., 41).

HUNT, C. Upon the statement of the complaint and the admissions of the answer, which are found by the judge to be true, the case may be thus stated: Hicks being insolvent and not intending to pay for the same, fraudulently purchased and obtained from the plaintiff one hundred and sixty-eight barrels of flour. He deposits the same in store with Spader. He takes from Spader a receipt for one hundred barrels thereof in the words "Received in storage from W. S. Hicks, for account, risk and subject to the order of Mr. S. F. Taylor, one hundred barrels of flour." Hicks delivers this certificate and receipt to the defendant, upon receiving from him therefor his (Hicks') own promissory note then held by the defendant, which, with interest, amounted to about eight hundred dollars, the full value of the flour described in the receipt. This note was then surrendered and cancelled. Mr. S. F. Taylor in the receipt named, was the agent of and acted for the defendant in the transaction, and in addition to the handing to him the certificate, executed a formal transfer to the defendant of his interest in the flour.

Upon this state of facts, I am of the opinion that the defendant was a bona fide purchaser of the certificate, and of the flour therein described, and that the plaintiff's title to the same is at an end. It has been decided in this court, in several cases, that the surrender to a party of his own promissory note, and taking in lieu thereof a negotiable note made by a third party before its maturity, constitutes the party a bona fide holder of the latter note. Whether the note thus surrendered is past due or has not reached its maturity, is of no importance. (*Pratt* v. *Coman*, 37 N. Y., 440; *Brown* v. *Leavitt*, 31 N. Y. R., 113; *Park Bank* v. *Watson*, 42 N. Y., 490.)

The same rule applies to bills of lading, bonds of States and other corporations, and to instruments having the form of the present certificate and to sales of property generally. (*Bank of Rochester* v. *Jones*, 4 Comst., 497, 507; Parson's Mer. Law 45, and cases cited.)

The possession of the receipt was the possession of the

flour. The delivery of the receipt to the defendant was a symbolical delivery of the flour. (4 *Comst. sup.*)

It has long been held that when the sale and delivery of personal property has been induced by fraud, the seller did not lose the title to his property, and could recapture it until it passed into the hands of a bona fide purchaser. When it did so pass, his right to reclaim was at an end. (Parson's Mer. Law 57 (61); *Load* v. *Green*, 15 M. & W., 216; *Brown* v. *Peabody*, 3 Kern, 121.)

The perfect title to the flour in the defendant, terminates all questions of equity that are suggested, and requires an affirmance of the judgment.

LEONARD, C. The plaintiff delivered his flour to a fraudulent purchaser. He voluntarily surrendered his possession under the color of a sale. As between vendor and purchaser the contract of sale was voidable at the option of the vendor, but it was not void.

The purchaser could sell the flour and make a valid title as against the plaintiff to a *bona fide* purchaser; that is, to a purchaser, without notice of the fraud by which the flour was purchased from the plaintiff, or reason to suspect it, and who paid a present and sufficient consideration.

There was evidence tending to prove that defendant was such a purchaser, and the fact has been so found, as it must be assumed. This is conclusive, unless there is some indisputable fact which in law requires a different conclusion.

The plaintiff urges that the defendant did not part with or pay such a consideration as brings him within the class of *bona fide* purchasers, entitled to hold against a vendor where the property has been obtained through a fraudulent sale.

The facts in regard to the consideration paid by the defendant are, that he held the promissory note of the alleged fraudulent purchaser, given to him for money loaned, equal in amount to the value of the flour. He purchased the flour and gave up the note in payment of the price. This payment made the purchase by the defendant valid against the

plaintiff, so far as the consideration bears upon the *bona fide* character of the transaction. (*Youngs* v. *Lee*, 12 N. Y., 551; *Pratt* v. *Coman*, 37 N. Y., 440.)

The plaintiff relies on the case of *Spraights* v. *Hawley* (39 N. Y., 441), and other cases of a like tenor, to establish his right to recover the flour or defeat the title of the defendant. The cases cited do not cover the principle involved. The mortgagee in the case cited had not voluntarily surrendered his lien nor put another in possession of the property. Mere possession is not such an *indicium* of ownership as will protect a *bona fide* purchaser for value.

The possession of an agent or bailee, who has no power of sale from the owner, or the possession of a thief will not enable a purchaser to obtain any title, however fair the price paid, and free from reason to doubt the right of such possessor to make the sale.

The consent of the owner to part with the possession of his merchandise, although fraudulently obtained, enables his vendee to give a good title to a *bona fide* purchaser for value. The owner has enabled his vendee to obtain the price from an innocent third party, and the law holds the last purchaser entitled to protection, if his transaction is *bona fide.*

The judgment should be affirmed with costs.

All concur for affirmance, except LOTT, Ch. C., not sitting.

Judgment affirmed with costs.