Torrey v. Harris.

WILLIAM A. TORREY, as Receiver of all the property, &c.,
of Samuel L. Harris, a judgment debtor, Respondent,
*against* MOSES HARRIS *et al.*, Appellants.

(Decided March 14th, 1884.)

Where property pledged is transferred by the pledgee in satisfaction of his
own antecedent debt, his creditor to whom it is so transferred is not, as
against the pledgor, a holder for value, but takes no better or other title
than that held by the original pledgee, and cannot hold the property as
against the pledgor making tender to redeem.

APPEAL from a judgment of this court entered upon the
decision of a judge at a trial without a jury.

The facts are stated in the opinion.

*E. H. Benn*, for appellant.

*George C. Lay*, for respondent.

BEACH, J.—It is indisputable that the sale of the stock
by Moses Harris was not in accordance with the legal
requirement resulting from the instrument transferring it
in pledge to his assignor Wilde. The deficiency is the
absence of notice to redeem and intended sale (*Wilson* v.
*Little*, 2 N. Y. 443; *Stearns* v. *Marsh*, 4 Denio 227;
Edwards on Bailments, 2 ed. §§ 279, 282.

The sale to Jones cannot influence the disposition of this
appeal. If made in good faith it was rescinded, the note he
gave, on the purchase, returned, and certificates were never
issued to him.

The learned court below found as a fact that the defend-
ant Sarah V. Harris paid for the stock by a credit to Moses
Harris, her husband, on a prior indebtedness existing in her
favor against him. This finding is amply supported by the
proofs. Moses Harris testifies that on a settlement made
*afterwards*, with his wife, she gave up to him his demand

note. In another part of his evidence he testifies to having sold the Jones note to his wife and received for it at the time his own note for four hundred dollars. To the contrary he states, " I received payment from her, by her allowing or crediting to me so much on what I owed her." This, to say the least, is somewhat contradictory and unsatisfactory. The witness seems not to have a clear remembrance of the transaction. The wife testifies to having allowed the purchase price on a note that she held against her husband. Again she says, " the fact is I credited my husband with the sum of five hundred dollars, on account of what he owed me previously." In addition she thus recites the bargain: " I had lent and advanced to my husband . . . a large amount of money greatly exceeding five hundred dollars, and for which he was indebted to me, and it was agreed I should take that stock as so much payment thereof and allow five hundred dollars therefor, and which I agreed to and did do, and thus and not otherwise did I obtain and acquire title to said stock."

The only conclusion from this testimony is that only a credit was given on a precedent indebtedness, and no note surrendered.

This action does not involve conflicting claims of creditors dependent upon the legality of a transfer of property made by the insolvent, sought to be set aside. In such a case the satisfaction of a precedent debt of the insolvent by his vendee makes the latter a holder for value. The equity of the attacking creditor is no higher than that of the purchasing creditor (*Seymour* v. *Wilson*, 19 N. Y. 417 ; *Murphy* v. *Briggs*, 89 N. Y. 447). The plaintiff here represents the title of the original pledgor of the stock, Samuel L. Harris. The transfer by him in pledge is not assailed, but the transfer to Mrs. Harris is, as having conveyed no better or other title than held by the original pledgee as against the pledgor. This is certainly a well founded contention, unless Mrs. Harris was an innocent purchaser for a valuable consideration actually paid. This she was not, and her title cannot stand as against the true owner, who makes tender to

redeem the pledge (*Weaver* v. *Barden*, 49 N. Y. 286; *Stevens* v. *Brennan*, 79 N. Y. 254).

The case of *Paddon* v. *Taylor* (44 N. Y. 371) is not in conflict with the adjudications last cited. The surrender and cancellation of the vendor's promissory note, and not merely a credit upon an existing debt, makes the distinction and also renders the case inapplicable to the one at bar.

The judgment should be affirmed, with costs and disbursements.

CHARLES P. DALY, Ch. J., concurred.

Judgment affirmed, with costs.