THERESA LYNCH, Respondent, *v.* THE FIRST NATIONAL BANK OF JERSEY CITY, Appellant.

One W. delivered to plaintiff in payment for property purchased of him, a check drawn upon defendant, signed by W. and payable to himself or order. This check defendant certified at the request of the drawer and while it was still in his possession, he at that time having funds in the bank. It was not indorsed by W. Payment of it was refused. In an action to recover the amount of the check *held,* that defendant was not liable; that the action could be supported only by proof that all of the conditions upon which the authority of the bank to pay the check

was made to depend had been performed; that one of these conditions was W's indorsement thereon.

*It seems* that the certification of a check is in effect an acceptance; it amounts to a representation that the drawer has funds in the bank with which to pay the check and that it will retain and pay them to the holder; but, if the holder is the drawer, the contract between them is that the bank will pay only in accordance with the terms of the check and subject to the conditions written therein by the drawer.

*Freund* v. *I. & T. Nat. Bank* (76 N. Y. 352, 357), and *Risley* v. *P. Bank* (83 N. Y. 318) distinguished.

(Submitted June 20, 1887; decided October 18, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 29, 1885, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was upon a check drawn upon and certified by defendant.

The material facts are stated in the opinion.

*Hamilton Wallis* for appellant. The appellant was under no legal obligation to recognize the alleged ownership of the respondent, or to pay the amount of the check, except upon the order of the drawer, evidenced by his indorsement upon it. (*Willets* v. *Phœnix Bank*, 2 Duer, 121; Edw. on Bills and Notes, 405, 406; Byles on Bills, 62, 147; Rand. on Com. Paper, § 5; *Cowperthwaite* v. *Sheffield*, 3 N. Y. 251.) A general custom not contrary to any statute may be proved, and all parties are presumed to act in view of it. It becomes a part of every contract made within its scope. (*Walls* v. *Bailey*, 49 N. Y. 464.)

*Abram Kling* for respondent. The check drawn by the maker, F. F. Wilder, to his own order and not indorsed, had the same effect and was negotiable in like manner as if made payable to bearer. (*Willets* v. *Phœnix Bank*, 2 Duer, 121; *Risley* v. *Phœnix Nat. Bank*, 83 N. Y. 318; *Central Bank* v. *Lang*, 1 Bosw. 202; *Evertson* v. *Nat. Bank*, 66

N. Y. 14.)    The delivery of the certified check by the maker to the plaintiff for a valuable consideration operated as an assignment *pro tanto* of the funds in the hands of the defendant to the payment of the check, and the defendant by its certification became liable therefor.    (*Freund* v. *Imp. and T. B'k*, 76 N. Y. 352;   *Risley* v. *Phœnix Nat. Bank*, 83 id. 318;   *Brill* v. *Tuttle*, 81 id. 454;   *Cooke* v. *State Nat. Bank*, 52 id. 96;   *Willets* v. *Phœnix Bank*, 2 Duer, 121.)    The defendant, by its certification of the check, represented that it had funds of the drawer in its hands sufficient to meet the check, and engaged that those funds should not be withdrawn from it by the maker; upon the transfer of the check to the plaintiff by the owner of the fund the obligation of the defendant was established.    (*Clews* v. *Bank of N. Y.*, 89 N. Y. 418;   *Cooke* v. *State Nat. Bank*, 52 id. 96.)

RUGER, Ch. J.   It is desirable in the first instance to precisely determine the questions which are presented by the record before us.

The evidence is very brief and not in any respect conflicting, unless the facts proved are fairly susceptible of opposite inferences in different minds.   At the close of the plaintiff's case, the defendant moved for a dismissal of the complaint without stating the  grounds therefor, and upon the refusal of the court to grant the motion, took an exception.   After the evidence was all in, the court directed a verdict for the plaintiff, to which direction the defendant also took an exception.

These two exceptions present the material points in the case.   No request was made by either party to go to the jury upon questions of fact, and the only question presented by the exceptions, is whether upon any view of the evidence the plaintiff was entitled to recover.   No objection that any evidence was inadmissible under the pleadings, was made and the action was tried and decided upon the whole case as presented by the proof without objection.   From that it appeared that one F. F. Wilder purchased of the plaintiff a diamond of the value of $500, and delivered to her in payment

therefor a check signed by himself, and reading with its indorsements, as follows:

> "Jersey City, N. J., *June* 1, 1883.
>
> "First National Bank, pay to myself or order five hundred dollars.
>
> "F. F. WILDER."
>
> "Certified:
>
> "First National Bank, Jersey City.
>
> "Payable at the American Exchange National Bank, New York.
>
> "OMBERSON.
>
> (Indorsed.)      "T. Lynch R."

This check was not indorsed by Wilder. Omberson was assistant cashier of the defendant, authorized to certify checks, and certified the one in question on June 1, 1883, at the request of the drawer while still in his possession, and who at that time had funds in the bank. Upon this evidence it is clear that there was no contract made between Wilder and the plaintiff whereby any transfer of the deposit in the bank was intended to be made, beyond that which would follow the mere delivery of any check. The action can be supported only by proof that all of the conditions, upon which the authority of the bank to pay the check, was made to depend by the drawer, had been performed. (*Freund* v. *Imp. and Trader's Bk.*, 76 N. Y. 352, 357.)

It, therefore, seems to us that the only question in the case, is whether the bank could be made liable to pay to third persons, Wilder's funds by any transfer of this check, except one evidenced by the indorsement of his name thereon. It is well settled by authority that the mere drawing and delivery of a bank check to a third person by a depositor does not constitute an assignment to the payee therein named of the fund held by such bank. (*Ætna Nat. B'k* v. *Fourth Nat. B'k.*, 46 N. Y., 82; *Commercial B'k of Albany* v. *Hughes*, 17 Wend., 94.) A check is analogous to a bill of exchange, and a bank cannot be made liable thereon except by its acceptance

indorsed upon it in writing. (*Risley* v. *Phœnix B'k.*, 83 N. Y. 318.) An acceptance of the check, however, was made by the bank, we think, when, through its agent, it indorsed thereon a certificate of genuineness and directed its payment by the American Exchange Bank. That operated as a promise to pay it upon presentation at the American Exchange Bank, bearing Wilder's indorsement. The obligation of the bank as shown thereby amounts to a representation that the drawer has funds in the bank with which to pay the check, and that it will retain and pay them to the holder through its agency in New York upon presentation there bearing the proper indorsements (*Farmers and Merchants B'k* v. *Drovers and Butchers' B'k*, 14 N. Y. 623; 16 id. 125; 28 id. 425; *Security B'k* v. *Nat. B'k*, 67 id. 458, 460; *Clews* v. *B'k of N. Y.* 89 id. 418.)

Such a contract the bank had a right to make, limiting its liability to an order indorsed by the depositor, or his payee, and the depositor had the right to impose upon the bank the condition that his money should be paid out by it only, upon a check indorsed by himself or its payee. If the bank should disregard such a requirement it would do so at its own risk, but the holder has no legal right to impose such a liability upon it against its consent. It would certainly add much to the hazard of the transmission of funds by check, draft or otherwise, through the mail or express if the banks or agencies upon which they were drawn, should be compelled to pay them to the holder by an action at law, where they do not bear upon their face the evidence of the performance of the condition upon which the drawer has authorized their payment.

It was held in *Freund* v. *Importers and Traders' Bank* (*supra*), that a certification by the bank of a check in the hands of a holder who had purchased it for value from the payee, but which had not been indorsed by him, rendered the bank liable to such holder for the amount thereof. By accepting the check the bank took, as it had the right to do, the risk of the title which the holder claimed to have acquired from

the payee. In such case the bank enters into contract with the holder by which it accepts the check and promises to pay it to the holder, notwithstanding it lacks the indorsement provided for, and it was accordingly held that it was liable on such acceptance upon the same principles that control the liabilities of other acceptors of commercial paper. In the case at bar the certification of the bank was made at the request of the drawer and was subject to the condition imposed by him, plainly written in the check, that it should not thereafter be payable except by his indorsement. The relation existing between a bank and its depositor is that of debtor and creditor, and the bank holds the fund subject to be paid out upon the direction of the creditor, according to the terms and conditions imposed by him. (*Ætna Nat. B'k* v. *Fourth Nat. B'k*, 46 N. Y. 82; *Crawford* v. *West Side B'k*, 100 id. 50, 56.) The bank's protection in the payment of checks consists in the fact that it has followed strictly the depositor's directions in disbursing his funds. Where a depositor has imposed the condition that his check shall not be paid without it bears his indorsement, the depository, if it pays it to a holder without such indorsement, runs the risk of the transaction, and takes the burden of showing that such holder has acquired in some way the lawful title to receive the funds. It may successfully defend such a payment if it can show that it made it to a person who, as against the drawer, was legally entitled to receive it, for, in that event, the drawer would suffer no damage thereby.

It was held in *Risley* v. *Phœnix Bank* (83 N. Y. 318), that a parol contract by a depositor for the transfer of the whole or any part of his deposit, is valid in law and invests the transferee with the right to sue for and recover the amount of such deposit or such part thereof as was intended to be transferred. It was also held in the same case that a depositor might concurrently with the delivery of a check to a third person enter into such a contract by parol as would transfer the fund represented by the check to the person named therein.

In such a case the liability of the depository is not predicated upon the check but that is used in connection with the parol

agreement, as evidence of the contract transferring the fund. (*Oneida B'k* v. *Ontario B'k*, 21 N. Y. 490; *Risley* v. *Phœnix B'k, supra.*)   The action arises upon the contract of assignment and not upon the check.

We are of the opinion that the evidence in this case did not authorize the trial court to find that Wilder intended to transfer any part of his deposit to the plaintiff, and there is no other theory upon which the action can, under the evidence, be maintained.   The verdict was therefore improperly directed for the plaintiff.

The judgments of the courts below should be reversed, and a new trial ordered, with costs to abide the event.

All concur except EARL, J., not voting.

Judgment reversed.