(14 Misc. Rep. 174.)

McCARVILLE v. LYNCH.

(Common Pleas of New York City and County, Equity Term. October, 1895.)

1. NEGOTIABLE INSTRUMENT—FORGED INDORSEMENT—EFFECT.
   No right can be acquired by a forged indorsement.

2. SAME—CERTIFICATE OF DEPOSIT—TRANSFER.
   A delivery by the payee of a certificate of deposit to his order, without indorsement, confers no apparent ownership or power of disposition on the holder.

3. SAME—PLEDGE—DELIVERY WITHOUT INDORSEMENT.
   Delivery by the payee of a certificate of deposit as security for his good conduct in an employment, imparts no title which, in the hands of a bona fide purchaser, will prevail against the title of the payee.

4. SAME—BONA FIDE PURCHASER. .
   Receiving the certificate in the belief that he who passes it is the payee, and in reliance on his indorsement as the indorsement of the payee, is not taking it upon the faith of apparent ownership in the former conferred by the latter.

5. SAME—TRANSFER OF TITLE.
   In the absence of either an indorsement or assignment of the certificate by the payee, another, to whom possession of the certificate is intrusted, cannot, by his assignment, convey title even to a bona fide holder for value.

   (Syllabus by the Court.)

Action by Alfred McCarville against Theresa Lynch to recover possession of a certificate of deposit. Judgment for plaintiff.

Abner C. Thomas, for plaintiff.
Abram Kling, for defendant.

PRYOR, J.    One Lawrence, fraudulently pretending that he had secured an employment for plaintiff, represented to him that the fictitious employer required security for his faithful conduct. Thereupon plaintiff procured a certificate of deposit as follows:

"Fifth National Bank.                                                    $150.
                              "New York, December 15th, 1894.
"This certifies that Alfred McCarville has deposited in this bank one hundred and fifty dollars, to the order of himself.
                                        "W. S. Beckley, Teller,
                                        "S. Kelly, Vice President."

Feigning to be Alfred McCarville, Lawrence indorsed that name on the certificate, and delivered it to the defendant for $90 in jewelry and $60 in money. Discovering the cheat practiced upon him by Lawrence, McCarville demanded the certificate of defendant, and on her refusal to return it, he brings this action to compel its surrender. Conceding the defendant's contention, that, in legal effect, the paper is the negotiable note of the bank, and that she holds it in good faith and for value, still she may not retain it from the plaintiff. Of course, the defendant, no matter what her caution, acquired no right

by virtue of the forged indorsement.   Graves v. Bank, 17 N. Y. 205; Colson v. Arnot, 57 N. Y. 253.   Neither does she get title by operation of the statutory provision that a promissory note, payable to the order of the maker, is, when negotiated by him, in legal effect, payable to bearer; for here the certificate is not to the order of the maker, but of the payee (Plets v. Johnson, 3 Hill, 112, 116), and the payee, instead of negotiating it, merely deposited it as security (Baring v. Lyman, 1 Story, 416, Fed. Cas. No. 983).

Another position of the defendant is that the plaintiff communicated a title to Lawrence which, though voidable for fraud, became indefeasible in favor of a bona fide transferee for value.   Simpson v. Del Hoyo, 94 N. Y. 189, 194.   Plaintiff, however, intended to impart no title to Lawrence, but merely delivered the certificate in bailment.   The principle invoked is applicable only when a vendor purposes to pass the property to the fraudulent vendee; and is ineffectual for the protection of a purchaser from a bailee.   Paddon v. Taylor, 44 N. Y. 371.

It is argued, again, that the plaintiff invested Lawrence with an apparent power of disposition, and so enabled him to convey title to the defendant.   McNeil v. Bank, 46 N. Y. 325.   But mere possession of the certificate was not the equivalent of apparent ownership, and imported no power of disposition (Moore v. Bank, 55 N. Y. 41, 48; McNeil v. Bank, 46 N. Y. 329–330); especially since the paper was not indorsed by the person to whose order it is payable (Bank v. Bingham, 118 N. Y. 349, 358, 23 N. E. 180).   The absence of such indorsement was, in itself, notice of a defect of title in Lawrence.   Nor did defendant take the certificate upon the faith of an apparent title in Lawrence, communicated by the plaintiff (Moore v. Bank, 46 N. Y. 41), but in the belief, after investigation, that Lawrence was the plaintiff, and in reliance upon the indorsement of Lawrence as the indorsement of plaintiff (Colson v. Arnot, 57 N. Y. 253).

It is contended, finally, that, although defendant took nothing as indorsee, yet she got title as assignee.   By assignment from whom? Not from plaintiff, for he made no assignment either to defendant or Lawrence.   Not from Lawrence, for he had nothing to assign.   In Risley v. Bank, 83 N. Y. 318, there was an actual and effectual assignment of the deposit independently of the check.   Lynch v. Bank, 107 N. Y. 179, 185, 13 N. E. 775.   So in Freund v. Bank, 76 N. Y. 352, 358, there was an assignment of the check by the payee, and to one who could enforce it against the maker.   Assuming, however, defendant to be assignee of Lawrence, she takes subject to plaintiff's title.   Simpson v. Del Hoyo, 94 N. Y. 189, 192; Greene v. Warnick, 64 N. Y. 220; Westfall v. Jones, 23 Barb. 9.

Judgment must be awarded to plaintiff.   Since it was defendant's refusal to surrender the certificate on demand, and her persistence in retaining it after knowledge of the facts, that forced plaintiff into court, it is equitable that he be indemnified the expense of the litigation by an allowance of taxable costs.