LEMBECK & BETZ EAGLE BREWING COMPANY, Appellant, *v.* THOMAS E. SEXTON et al., Defendants, and EDWARD P. HATCH, Respondent.

FORECLOSURE CHATTEL MORTGAGE — REMEDY — JURISDICTION — NEW TRIAL.   A suit in equity to foreclose a chattel mortgage is proper whenever the legal remedy of the holder of the mortgage is inadequate; and in such a suit the form of pleading, mode of procedure and jurisdiction of the court are the same as in an action to foreclose a mortgage upon real property.   The general rule that there can be no litigation of title paramount or hostile to the mortgage does not preclude the court from deciding the question whether an asserted title is in fact paramount or hostile in a case where that is one of the issues presented by the pleadings. Where a title, asserted as paramount and hostile to that of the mort-

gagee, is in fact not so, and the latter recovers judgment, it is error for the Appellate Division to attempt to modify the judgment by dismissing the complaint absolutely in favor of the defendant raising that issue, particularly when such defendant also contends that some of the chattels claimed by the mortgagee were delivered to the mortgagor after the execution of the mortgage, and the insufficiency of the evidence upon that issue, which may be changed on another trial, is the basis of the modification. In such a case there should be a direction for a new trial, and the defendant making the allegations is entitled to a jury trial upon that issue.

*Lembeck & Betz Brewing Co.* v. *Sexton,* 96 App. Div. 613, modified.

(Argued February 2, 1906; decided March 6, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 18, 1904, upon an order modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Benjamin G. Paskus* and *Gibson Putzel* for appellant. The trial court was not only justified in finding, but, upon the pleadings and evidence, was required to find that the property in Hatch's possession was covered by the plaintiff's mortgage. (*Conkling* v. *Shelley,* 28 N. Y. 360; *Gardner* v. *McEwen,* 19 N. Y. 123; *Russell* v. *Winne,* 37 N. Y. 591; *Benedict* v. *Arnoux,* 154 N. Y. 715; *Snyder* v. *Seaman,* 157 N. Y. 449.) The title of the plaintiff to the goods under its mortgage is superior to any claim which the defendant Hatch can make. (*Barnard* v. *Campbell,* 58 N. Y. 73; *A. S. Refg. Co.* v. *Fancher,* 145 N. Y. 553; *Goodwin* v. *Wertheimer,* 99 N. Y. 149; *Caldwell* v. *Bartlett,* 3 Duer, 341; *Terry* v. *Munger,* 121 N. Y. 161; *Droege* v. *A. & O. Mfg. Co.,* 163 N. Y. 466; *Bach* v. *Tuck,* 126 N. Y. 53; *Acer* v. *Hotchkiss,* 97 N. Y. 395; *Schoneman* v. *Chamberlain,* 55 App. Div. 351.) The defendant Hatch was not entitled to a trial by jury of the issues raised by his answer. (*S. C. Co.* v. *Arnott,* 152 N. Y. 584; *Blake* v. *Crowley,*

44 Hun, 344; *Kenney* v. *Apgar*, 93 N. Y. 539; *K. Ins. Co.* v. *Nelson*, 8 Hun, 21; *Fox* v. *Fitzsimmons*, 29 Hun, 574; 100 N. Y. 618; *Ostrander* v. *Webber*, 114 N. Y. 95; *Pike* v. *Setter*, 15 Hun, 402.) The rights of the defendant Hatch were properly the subject of adjudication in this foreclosure suit. (*Ruyter* v. *Reid*, 121 N. Y. 498; *Wade* v. *Streyer*, 166 N. Y. 25; *Brown* v. *Volkening*, 64 N. Y. 76; *Mendenhall* v. *Hall*, 134 U. S. 559.) In any aspect of the case the plaintiff was certainly entitled to a new trial, and judgment absolute as between it and the defendant Hatch should not have been rendered by the Appellate Division. (*Heller* v. *Cohen*, 154 N. Y. 299; *Matter of Chapman*, 162 N. Y. 456; *Benedict* v. *Arnoux*, 154 N. Y. 715; *Dixon* v. *James*, 181 N. Y. 129; *N. Y. B. N. Co.* v. *H. B. N. Co.*, 180 N. Y. 280; *Van Beuren* v. *Wotherspoon*, 164 N. Y. 368; *Edson* v. *Bartow*, 154 N. Y. 215.)

*Emanuel J. Myers* for respondent. The finding that Hatch holds possession of property covered by the plaintiff's mortgage is an essential fact found without any evidence which, according to any reasonable view, would warrant it, and constitutes error of law. (*Conkling* v. *Shelley*, 28 N. Y. 360.) The finding that the lien of said mortgage is prior to that of any lien, title or property which the defendant Hatch has therein, and the right, title, interest or lien, if any, which the said Hatch has in the property has accrued subsequently to the lien of the mortgage, is without evidence to support it and constitutes error of law. (*Conkling* v. *Shelley*, 28 N. Y. 360; *E. S. Co.* v. *Grant*, 114 N. Y. 40; *Galle* v. *Tode*, 148 N. Y. 270; *R. P. Co.* v. *O'Dougherty*, 81 N. Y. 474; *Droege* v. *A. & O. Mfg. Co.*, 163 N. Y. 466.) The defendant Hatch claims adversely to and in hostility with the mortgagor and mortgagee by title prior and paramount to such parties, and his title cannot be tried in an action to foreclose the mortgage under a general averment that his interest is subordinate to the mortgage. (*E. S. Bank* v. *Goldman*, 75 N. Y. 127; *Rathbone* v. *Hooney*, 58 N. Y. 467; *McReynolds*

v. *Manus,* 11 Abb. [N. C.] 369; *E. S. Bank* v. *Chute,* 33 Hun, 82; *Lanier* v. *Smith,* 37 Hun, 529; *Holcombe* v. *Holcombe,* 2 Barb. 20; *Frost* v. *Koon,* 30 N. Y. 428; *Bank of England* v. *Flagg,* 3 Barb. Ch. 316, 318; *Lewis* v. *Smith,* 9 N. Y. 502; 11 Barb. 156; *Payn* v. *Grant,* 23 Hun, 134, 138.) The defendant Hatch was entitled to have his claim tried in a common-law action with a trial by jury. (*Baird* v. *Mayor, etc.,* 74 N. Y. 382; *Bailey* v. *Aldrich,* 40 N. Y. 504; *Romeyn* v. *Sickles,* 108 N. Y. 650; *Neudecker* v. *Kohlberg,* 81 N. Y. 296.) The Appellate Division was justified by the condition of the record in modifying the judgment by dismissing the complaint as to Mr. Hatch as it is apparent that all the facts were disclosed, and on a new trial they could not be changed. (Code Civ. Pro. § 1317; *Edson* v. *Bartow,* 154 N. Y. 199; *Mansfield* v. *Mayor,* 165 N. Y. 208; *Brackett* v. *Griswold,* 128 N. Y. 644; *Marquat* v. *Marquat,* 12 N. Y. 340; *Fairchild* v. *Edson,* 154 N. Y. 199; *Husted* v. *Thompson,* 158 N. Y. 328; *Wood* v. *Boson,* 60 Hun, 337; *Coster* v. *Shipman,* 35 N. Y. 533; *Fischer* v. *Blank,* 138 N. Y. 669; *Arnold* v. *Rothschild Co.,* 23 App. Div. 221; 154 N. Y. 725; *Shotwell* v. *Dixon,* 163 N. Y. 44.)

WERNER, J. This is an action to foreclose a chattel mortgage and it presents a most curious medley of questions, only a few of which are necessarily involved in the disposition of this appeal. The mortgage sought to be foreclosed was given to the plaintiff by the defendant Sexton on the 7th day of July, 1896, to secure payment of the sum of $4,958.50 for moneys loaned and advanced by the former to the latter. The mortgaged property consisted of Sexton's leasehold interest in a hotel and saloon known as No. 55 Whitehall street in the city of New York, of certain chattels enumerated in a schedule annexed to the mortgage and referred to as then being in the saloon, and of certain horses, wagons and harness in a stable on other premises. Various persons are named as parties defendants, but the defendant Hatch is the sole

respondent and it is between him and the plaintiff that the questions in the case arise.

The complaint, after setting forth several loans of money by the plaintiff to the defendant Sexton, the execution, delivery and filing of the chattel mortgage, and the failure of the mortgagor to comply with its terms, charges that the defendant Hatch holds in his possession part of the mortgaged property particularly described in Schedule A annexed to the complaint; that said property was subject to said mortgage, and that the lien of said mortgage is prior to any lien, title or property which the defendant Hatch has therein; that if the defendant Hatch has any right, title, interest or lien in the property described in said schedule, it has accrued subsequently to the lien of plaintiff's mortgage.

These latter allegations of the complaint are denied by the answer of the defendant Hatch, which, by way of separate defense, asserts Hatch's ownership of the mortgaged property; Sexton's possession thereof under a pretended sale from Hatch procured and induced by the false and fraudulent representations of the former as to his financial responsibility; the defendant Hatch's rescission of the sale upon ascertaining the fraud practiced upon him by Sexton, and Hatch's subsequent retaking of the property in an action of replevin brought against Sexton and one Carroll.

Upon the issues thus framed by the pleadings and supplemented by the proofs of the parties, the learned trial court gave judgment for the plaintiff. Upon appeal to the Appellate Division that court agreed upon a so-called modification of the judgment which was really a reversal because it dismissed the complaint in favor of the defendant Hatch, and from that decision the plaintiff has appealed to this court.

The first question to be considered is whether the learned trial court was right in deciding that the title of the defendant Hatch to the chattels in dispute was inferior and subordinate to the title of the plaintiff under its mortgage. The decision of that question obviously depends upon the nature and scope of the action at bar, as limited by the range of the

pleadings and proofs. An action in equity to foreclose a chattel mortgage, although not the only method of procedure in this state, is doubtless a remedy which a mortgagee may properly invoke whenever his legal remedy is inadequate. (*Briggs* v. *Oliver*, 68 N. Y. 339.) When a chattel mortgage is foreclosed in an equitable action, the form of the pleading, the mode of procedure and the jurisdiction of the court are necessarily the same as in actions to foreclose mortgages upon real property, except as modified by statute (§§ 1737–1741, Code Civ. Pro.) ; and one of the recognized limitations upon equitable jurisdiction in such actions is that there can be no litigation of title paramount or hostile to the mortgage. (*Lewis* v. *Smith*, 9 N. Y. 502 ; *Merchants' Bank* v. *Thomson*, 55 id. 7 ; *Rathbone* v. *Hooney*, 58 id. 467 ; *Em. Ind. Savings Bank* v. *Goldman*, 75 id. 127.) There may be instances, however, in which the very question to be decided is whether the rights of a defendant in a foreclosure suit are superior or subordinate to those of the mortgagee, and in such cases a court of equity must logically have the right to decide the question upon which its jurisdiction depends. In the case at bar the defendant Hatch sought to plead a title hostile and paramount to that of a mortgagee. But he went further and pleaded a history of the transactions between himself and the defendant Sexton, from which it appears that in April, 1896, the latter became the apparent owner and possessor of the chattels in dispute under a contract of sale ; that while in such possession and apparent ownership, and on July 7th, 1896, the defendant Sexton executed to the plaintiff the mortgage in suit ; that on the 22d day of August, 1896, after Hatch had ascertained that Sexton had made false and fraudulent representations as to his financial responsibility, and in reliance upon which Hatch had sold him the chattels, Hatch elected to rescind the sale, brought an action in replevin against Sexton and one Carroll, and took possession of the chattels by virtue of the writ issued therein. This pleading and the evidence by which it was supplemented established the very facts upon which it became the duty of the learned trial court

to decide against the defendant Hatch as a matter of law. The sale from Hatch to Sexton, even if induced by fraud, was not void, but merely voidable, and this is equally true whether it was on credit, as alleged in Hatch's answer, or for cash, as his proof tends to show. It was shown that the plaintiff became a *bona fide* mortgagee before Hatch's attempted rescission of his sale to Sexton, the mortgagor. Under these circumstances it cannot be doubted that the plaintiff acquired a good title under its mortgage. Sexton's possession was not like that of a thief or a naked bailee. He was in possession under color of an actual sale, which, although induced by his fraud and voidable as between his vendor and himself, enabled him to give a legal title to a *bona fide* purchaser. (*Paddon* v. *Taylor*, 44 N. Y. 371; *Comer* v. *Cunningham*, 77 id. 391; *Barnard* v. *Campbell*, 58 id. 73; *Am. S. R. Co.* v. *Fancher*, 145 id. 561.) This view of the case disposes of several of the incidental questions argued for the respondent Hatch. 1. The denial of his demand for a jury trial was not error, because upon his answer and the evidence the plaintiff was entitled to judgment as matter of law. 2. For the same reason it was proper to exclude the evidence offered by the defendant Hatch tending to establish Sexton's false and fraudulent representations in procuring the sale to him, because the facts alleged, even if admitted, would have constituted no defense to plaintiff's claim.

If there were nothing in the case beyond what is contained in the foregoing statement, it would seem to follow as a matter of course that the learned trial court was right in giving judgment for the plaintiff, and that the learned Appellate Division was wrong in substantially reversing that judgment. There is, however, another phase of the controversy that gives the case a somewhat different aspect. The proof is that the mortage to the plaintiff was executed and delivered on July 7th, 1896. There is also evidence tending to show that some of the chattels claimed under the mortgage were not delivered by Hatch to the mortgagor until after that date. Chattels delivered subsequent to the execution and delivery of

the mortgage would, of course, not be covered by it. This was really the point upon which the case was decided in the Appellate Division. It was there held that there was no testimony of the several deliveries of the goods sold by Hatch to Sexton, which extended from April 24th to July 24th, 1896, except that contained in a bill upon which the items delivered after the execution of the mortgage were checked off by a witness and identified by the initials of the trial judge. "But," said the learned justice writing for the Appellate Division, "this bill does not appear to be in evidence, and there is nothing to show which goods the witness marked as having been delivered after the 7th of July." This being the ground upon which the learned Appellate Division placed its decision, we are at a loss to understand why a new trial was not granted instead of directing a final dismissal of the complaint as to the defendant Hatch, because the defect of proof referred to was such as might, in the ordinary course of events, be remedied on another trial. While the answer of the defendant Hatch furnishes very slight support for the contention that any of the chattels in dispute were delivered to Sexton after the execution by him of the mortgage to the plaintiff, we think it was sufficient to raise the issue of an independent and paramount title in Hatch as to such chattels, and upon that issue he was entitled to a jury trial. This conclusion leads to a modification of the order of the Appellate Division by directing a new trial instead of a dismissal of the complaint, and the affirmance of that order as thus modified, with costs to abide the event.

CULLEN, Ch. J., GRAY, O'BRIEN, EDWARD T. BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment accordingly.