◼ Policy Funding Corporation, Respondent, v. Kings County Lafayette Trust Company, Appellant.— In an action by the drawer of certain checks to recover moneys allegedly wrongfully paid by defendant drawee-bank on allegedly forged indorsements, defendant appeals from an order of the Supreme Court, Kings County, dated December 8, 1971, which denied its motion for summary judgment. Order reversed, on the law, with $10 costs and disbursements, and motion granted. Plaintiff is in the business of financing insurance premiums. It receives from an insurance broker or agent the down payment, made by each assured who obtains such financing from plaintiff, on the assured's policy, as well as his signed finance agreement whereby he agrees to pay the premium to plaintiff as well as a finance charge. Plaintiff then remits the entire premium to the broker, agent or insurance company, as the case may be. Here, plaintiff entered into negotiations with United Benefit Fire Insurance Company, a Nebraska based company, whereby plaintiff agreed to

finance premiums on policies written for United Benefit, as insurer, by International Insurance Agency, Inc., of Clarksville, Tennessee. The papers here establish that United instructed plaintiff to send to International checks for the full premiums payable to United and that plaintiff complied. It also is established that International Insurance stamped those checks with the name of the payee, United Benefit, and deposited them to its own account. Several months after plaintiff began to deal with United, the latter was found insolvent and the Nebraska Department of Insurance contacted plaintiff and told it to file any claims it might have. Plaintiff did file a claim but was informed by the Nebraska Department of Insurance that United's records contained no agreement with International. Plaintiff then commenced this action against its own bank on the ground that the checks payable to United had been paid on forged indorsements. Defendant, following the joinder of issue, moved for summary judgment. We are of the view that there are no triable issues of fact and that summary judgment should be granted to defendant dismissing the complaint. Delivery of the checks to International, which was clearly authorized by United to receive them, constituted payment to United even if International forged the name of the payee and retained the proceeds (*Burstein* v. *Sullivan*, 134 App. Div. 623; *Globe & Rutgers Fire Ins. Co.* v. *Robbins & Myers Co.*, 43 Misc. 65, affd. 109 App. Div. 530). So long as International had at least apparent authority to receive the checks, any wrongdoing by it with the checks was at the risk of United, the party which clothed it with the authority to receive the checks (*Morrison* v. *Chapman*, 155 App. Div. 509; *Sage* v. *Burton*, 84 Hun 267; see, also, *Union House Furnishing Co.* v. *National Bank of Commerce in St. Louis*, 53 S. W. 2d 1067 [Mo.]). Here, the payment by plaintiff's bank of the checks made payable to United, but indorsed by International in the name of the payee, operated to extinguish plaintiff's liability to United under the rules of agency noted above. Accordingly, plaintiff sustained no damage as a result of payment by its bank on the forged indorsements (*Gotham-Vladimir Adv.* v. *First Nat. City Bank*, 27 A D 2d 190). So long as it is clear that United clothed International with authority to receive the checks and plaintiff relied upon that authority in sending the checks to International, it is irrelevant whether or not plaintiff believed that International had authority to indorse the checks. Hopkins, Acting P. J., Munder, Gulotta and Christ, JJ., concur; Martuscello, J., not voting.